E. J. KORVETTE CO., Inc., E. A. Melvin Co., Inc., Korvette-Hempstead, Inc. and Korvette-42nd Street, Inc., Plaintiffs,

v.

The PARKER PEN COMPANY, Defendant.

United States District Court
S. D. New York.
April 23, 1955.

Malkan & Ellner, New York City, for plaintiffs.

Rogers, Hoge & Hills, New York City, for defendant.

WEINFELD, District Judge.

I am persuaded that the claims alleged by the plaintiffs are compulsory counterclaims which under Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., should be asserted in the action previously instituted by the defendant against the plaintiffs.[1] In the latter action the plaintiffs (the defendant in this suit, also referred to hereafter as "Parker") asserts a claim against the defendants (the plaintiffs here) based upon New York's Fair Trade Law (the Feld-Crawford Act, New York General Business Law, §§ 369–a, 369–b) as authorized by the Miller-Tydings Act, 15 U. S.C.A. § 1, and the McGuire Federal Fair Trade Act, 15 U.S.C.A. § 45. Jurisdiction is based upon diverse citizenship.

Several months later the plaintiffs herein commenced this action asserting two claims relating to the sale and distribution of Parker pens and pencils, the subject matter of the prior suit. In the first cause of action the plaintiffs charge that in violation of Section 1(a) of the Robinson Patman Act, 15 U.S.C.A. § 13 (a), the defendant, by various direct and indirect methods, discriminated against the plaintiffs by selling Parker pens and pencils to favored customers including some who were and are in competition with the plaintiffs, at prices lower than those charged to and paid by plaintiffs. It is also alleged that the defendants violated Section 1(d) of the Robinson Patman Act, 15 U.S.C.A. § 13(d), by making payment or allowances for services or facilities furnished without making the same available to plaintiffs on proportionately equal terms; further, that the defendant discriminated against the plaintiffs in violation of Section 1(e) of the Robinson Patman Act, 15 U.S.C.A. § 13(e), by furnishing or continuing to furnish services or facilities to competi-

tors of plaintiff without making such services available to them on proportionately equal terms.

The second cause of action, after repeating the allegations of the first cause of action, charges that the defendant made agreements with favored customers, including plaintiffs' competitors, designating them as factory accounts or direct sales accounts and according them the exclusive right among retailers to purchase defendant's products directly from it instead of from wholesalers, as non-favored retailers including plaintiffs are required to do, as a result of which the favored customers were enabled to buy Parker pens and pencils at substantially below those prices available to non-favored retailers, including the plaintiffs.

Other acts are set forth whereby competitive advantages not offered or made available to plaintiffs were given to their competitiors; that these various acts were committed pursuant to contracts and a combination and conspiracy with favored customers unreasonably restraining trade and competition of plaintiffs in violation of Section 1 of the Sherman Act, 15 U.S.C.A. § 1.

▮▮▮ Rule 13(a) of the Federal Rules of Civil Procedure requires a party to set forth a counterclaim " * * * if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim *, * *." In determining whether a claim "arises out of the [same] transaction or occurrence" as the claim asserted by a plaintiff a liberal construction is to be given to the quoted phrase.[2] As the Supreme Court has stated, " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon

---

1. One defendant in the prior suit by Parker is not a plaintiff herein. Otherwise the parties are identical.

2. 3 Moore's Federal Practice, ¶13.13

[2d Ed.]; Wright, Estoppel by Rule: The Compulsory Counterclaim Under Modern Pleading, 38 Minn.L.Rev. 420, 438–445 (1954).

 

their logical relationship."[3] Thus, the test to be applied in determining whether or not a compulsory counterclaim exists is whether there is any logical relationship between the claim now advanced by plaintiffs and the claim previously asserted by this defendant.[4]

 The logical relationship between the two cases is apparent from the mere statement of the respective claims. The distribution system of Parker pens, its mechanics and relationship to wholesalers and retailers are central issues in both cases. It is true that Parker's claim relates to Korvette's sales of pens and pencils in violation of fair trade prices, whereas Korvette's relates to conditions of their distribution and acquisition. But an absolute identity of factual backgrounds is not required. There is sufficient logical relationship between them so that in the interest of avoiding a multiplicity of suits, unnecessary expense and duplication of effort all claims be tried in one action.

Perhaps the logical relationship between the claims of the respective parties is best demonstrated by a consideration of the defenses interposed against the fair trade claim. Among other defenses, the defendants there (the plaintiffs here) allege the failure of Parker to enforce its minimum retail sales price policy and acquiescence in the conduct of retailers in selling plaintiff's product at retail below the fair trade prices. This alleged non-enforcement policy may be in part attributable to the acts upon which plaintiffs rely here to establish their antitrust claim.

Since the present complaint should have been pleaded in the defendant's pri-or action against the plaintiffs it must be dismissed, but with leave to them, if so advised, to assert counterclaims in that action within 30 days after the entry of an order.[5]

This disposition makes it unnecessary to pass upon the other aspects of defendant's motion attacking the sufficiency of the complaint. However, in repleading, it would serve to eliminate the ambiguity of plaintiffs' present pleading if they set forth whether or not it is claimed they had business relations with the defendant and the period during which said relations continued.

The motion is granted as indicated herein.

Settle order on notice.

3. Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750.

4. United Artists Corp. v. Masterpiece Products, Inc., 2 Cir., 221 F.2d 213; Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 975; Rosenthal v. Fowler, D.C.S.D.N.Y., 12 F.R.D. 388, 391.

5. Audi Vision, Inc., v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 624, 147 A.L.R. 574; Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 975; Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 115 F.2d 45, 47; Thierfield v. Postman's Fifth Avenue Corp., D.C.S.D.N.Y., 37 · F.Supp. 958, 962; 3 Moore's Federal Practice, ¶13.12 [2d Ed.].