**AFFILIATED MUSIC ENTERPRISES, Inc., Plaintiff,**

v.

**SESAC, Inc., Defendant (Kurt A. Jadassohn, Third-Party Defendant).**

United States District Court
S. D. New York.

May 23, 1955.

Wilzin & Halperin, New York City, for plaintiff.

Lord, Day & Lord, New York City (Thomas F. Daly, Saul L. Sherman, New York City, of counsel), for defendant, Sesac, Inc.

WALSH, District Judge.

In this action for injunction and treble damages under the Sherman and Clay-ton Acts, 15 U.S.C.A. §§ 1 et seq., 12 et seq., plaintiff moves to dismiss an affirmative defense and counterclaim based on allegations of unfair competition. Defendant has moved to join an officer of plaintiff as an individual defendant to the counterclaim. Plaintiff's motion to strike defendant's affirmative defense and counterclaim is denied. Defendant's motion to join the additional party defendant is granted.

The subject matter of the dispute is the licensing of performance rights for copyrighted music compositions referred to as "Gospel Music". Plaintiff claims that defendant unlawfully controls this field; that, since 1932, it has acted in furtherance of a deliberate plan to control it; that it now controls approximately ninety-five percent of this business; and that it has accomplished this control by obtaining exclusive assignments of performance rights from publishers and copyright owners and by requiring its own licensees to use its complete repertoire under "blanket" licenses.

The specific injury of which plaintiff complains is defendant's coercion of the breach of fourteen contracts between plaintiff and music publishers and copyright owners. Plaintiff claims that defendant, by virtue of its dominant position in the field, forced the publishers and owners to cancel these agreements under which plaintiff would have taken over certain business of defendant in the licensing of performances and the collection of fees.

Defendant has answered by a general denial and also by the affirmative defense and counterclaim here in question. Defendant alleges unfair competitive practices on the part of plaintiff in negotiating the fourteen contracts; that plaintiff unlawfully interfered with defendant's already existing contractual relationships with these fourteen publishers and owners; that the contracts whereby plaintiff would have supplanted defendant had been induced by plaintiff's false and misleading statements about the financial and business position

of defendant. Specifically, defendant claims that plaintiff attempted to take the credit for increasing the earnings of the fourteen publishers and owners whereas in fact the increased earnings resulted from prior business arrangements made by defendant.

Defendant further claims that plaintiff was enabled to make these representations because of confidential knowledge transmitted to it by one Jadassohn, a former officer and general manager of defendant, now an officer and stockholder of plaintiff. It is Jadassohn whom defendant seeks to join as an additional party defendant.

█ The motion to dismiss the counterclaim is denied because the counterclaim is a compulsory one arising out of the same transactions and course of dealing as plaintiff's complaint. If the counterclaim is compulsory, jurisdiction over it is ancillary to the original jurisdiction of this court here derived under the Sherman and Clayton Acts. Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750. Rule 13(a) F.R.C.P., 28 U.S.C.A. has been viewed liberally in the interests of avoiding multiplicity of suits and disposing of all claims between the parties which are logically related. Lesnik v. Public Industrial Corp., 2 Cir., 1944, 144 F.2d 968, 975; United Artists Corp. v. Masterpiece Productions, 2 Cir., 1955, 221 F.2d 213.

█ Jadassohn should be joined as an additional party under Rule 13(h) in order to grant complete relief in determining defendant's counterclaim. His joinder will not affect the jurisdiction of the court. He resides in a different state than defendant and in any event in view of the compulsory nature of the counterclaim his joinder could not deprive this court of jurisdiction. United Artists Corp. v. Masterpiece Productions, supra.; Safeway Stores v. Dunnell, 9 Cir., 1949, 172 F.2d 649, 660, certiorari denied 337 U.S. 907, 69 S.Ct. 1049, 93 L.Ed. 1719.

██ The motion to dismiss the affirmative defense of unfair competition presents a more difficult question. It now seems well established that "unclean hands", as such, does not constitute a defense to an antitrust action. Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 1951, 340 U.S. 211, 71 S. Ct. 259, 95 L.Ed. 219. This is true even though plaintiff was violating the antitrust laws to defendant's detriment. Moore v. Mead Service Co., 10 Cir., 1951, 190 F.2d 540, certiorari denied, 1952, 342 U.S. 902, 72 S.Ct. 290, 96 L.Ed. 675. Public policy requires the exposure of antitrust violations even though an undeserving person benefits from the law suit. Trebuhs Realty Co. v. News Syndicate Co., D.C.S.D.N.Y.1952, 107 F. Supp. 595; Interborough News Co. v. Curtis Pub. Co., D.C.S.D.N.Y.1952, 108 F.Supp. 768. But this does not preclude a counterclaim based upon plaintiff's illegal conduct. Trebuhs Realty Co. v. News Syndicate Co., supra, 107 F.Supp. 595.

 I am disposed to let the defense stand for the following reasons:

(1) Although plaintiff's unclean hands or illegal activity cannot justify defendant's restraint of trade to the detriment of the public, nevertheless, plaintiff's misconduct may be a factor to consider in appraising the purpose and scope of defendant's acts. See concurring opinion of Chief Judge Phillips, Moore v. Mead Service Co., supra., 190 F.2d 540, 542. The higher courts have not yet written the final word on this subject and their decision will be easier if based upon a complete record, rather than the a priori reasoning necessary in a motion addressed to the pleadings.

(2) Plaintiff will not be prejudiced. Inasmuch as defendant's counterclaim is valid, there must be a trial on the same issues presented by the defense. The further fact that defendant can conceivably present the same proof under its general denial, to controvert the allegations of coercion, control and dom-

ination, or the allegation of damage, does not require the striking of the defense. Where attempted proof of the subject matter alleged as a defense might be too remote for reception under a general denial, it is desirable that the defense be pleaded. The defendant protects itself from waiver. The plaintiff and the court gain by this greater specificity of defendant's pleading. Thierfeld v. Postman's Fifth Avenue Corp., D.C.S.D.N.Y.1941, 37 F.Supp. 958, 960; United States ex rel. Rodriquez v. Weekly Publications, Inc., D.C.S.D.N.Y.1947, 74 F.Supp. 763, 764. Cf. Chicago Great Western Ry. Co. v. Peeler, 8 Cir., 1944, 140 F.2d 865, 868.

(3) The trial will be facilitated rather than impeded by refraining from making a law of the case at this point. Judges passing on questions of pretrial discovery and the trial judge are left to pass upon the validity of the defense in the light of the proof as it develops.

Plaintiff's motions are denied. Defendant's motion is granted.