## DUROX COMPANY
v.
## DURON PAINT MANUFACTURING
COMPANY, Inc.
### Civ. No. 12326.

United States District Court
D. Maryland.
May 5, 1961.

Robert R. Bair, Venable, Baetjer & Howard, Baltimore, Md., and Bruce B. Krost, Cleveland, Ohio, for plaintiff.

Richard W. Case, Baltimore, Md., and Francis C. Browne, Mead, Browne, Schuyler & Beveridge, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

Plaintiff has moved to dismiss defendant's counterclaim on the grounds (1) that venue requirements are not met and (2) lack of proper service of process on plaintiff. Defendant served its answer and counterclaim on plaintiff's counsel of record herein, as contemplated by the Rules; the only substantial point is lack of proper venue under 28 U.S.C.A. § 1391(b) and (c),[1] which provide:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Plaintiff is an Ohio corporation; defendant is a Maryland corporation; each party has its principal place of business in the state of its incorporation. Plaintiff is the owner of Durex, Registered

---

1. Plaintiff properly points out that venue cannot be founded upon § 1391(a) since it applies to actions founded *only* on diversity of citizenship.

Trademark No. 209,366; defendant is the owner of Duron, Registered Trademark No. 581,794.

On September 21, 1955, plaintiff filed in the United States Patent Office an application for the registration of the trademark Durox on certain goods sold by plaintiff. The mark was published in the Official Gazette for opposition, defendant opposed it, and the Trademark Trial and Appeal Board sustained the opposition and refused to register the mark.

In this action, brought pursuant to 15 U.S.C.A. § 1071 and 35 U.S.C.A. § 146, plaintiff seeks an order directing the registration of the trademark Durox. Confusing similarity and other usual issues in trade name actions are raised by the complaint. Defendant has counterclaimed for an injunction against the use by plaintiff of "the notation Durox or any other notation confusingly similar to defendant's trademark and trade-name Duron", and for other relief. The counterclaim alleges ownership of the registered trademark Duron, prior use of such trademark, and infringement thereof by plaintiff "by virtue of the confusing similarity of the trademark Durox to defendant's trademark Duron". Unfair competition by plaintiff is also claimed on substantially the same grounds.

It is true that 28 U.S.C.A. § 1391(b) and (c), quoted above, would have prevented defendant from asserting its claims against plaintiff in an original action filed in this district. But the Supreme Court has held that a plaintiff by filing a suit against a defendant thereby waives any right to object to the venue of any counterclaim, whether compulsory or permissive, interposed by the defendant. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408; 3 Moore's Federal Practice, 2d ed., para. 13.16 and 13.22; 1A Barron and Holtzoff, Federal Practice and Procedure, Rules Ed., sec. 395.

Plaintiff herein contends that by filing in this court "a proceeding in the nature of an appeal from a decision of the Trademark Trial and Appeal Board, pursuant to statutory authority contained in 15 U.S.C.A. 1071 and 35 U.S.C.A. 145 * * * plaintiff did not waive and did not intend to waive the venue requirements applicable to Defendant's Counterclaim". It argues "that Congress, by providing a statutory right of appeal in the district courts, intended to liberalize the alternative right of appeal before the United States Court of Custom and Patent Appeals."

Plaintiff has cited no authority which justifies making this case an exception to the rule stated in General Electric Co. v. Marvel Rare Metals Co., and universally followed since. Plaintiff's contention that it had no choice of forum is without merit. It had a greater choice than usual, because in addition to the right to file suit in any of the districts permitted by sec. 1391(c), it could have taken an appeal to the Court of Customs and Patent Appeals.

It is obvious that the issues raised by the original claim and by the counterclaim deal in large measure with the same facts and depend upon the same principles of law. It is in the interest of sound judicial administration that they be heard in the same case.

### Order
The motion to dismiss is hereby denied.

### Supplemental Opinion

Plaintiff has moved, pursuant to the provisions of 28 U.S.C.A. § 1292(b), that this court include in any order denying its motion to dismiss defendant's counterclaim a statement to the effect that this court is of the opinion that the order involves a controlling question of law, as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, so that plaintiff may take an immediate appeal.

I decline to include such a provision in the order, both because I do not feel there is substantial ground for difference of opinion on the question and

because I do not believe that an immediate appeal from the order would materially advance the ultimate termination of the litigation. As stated in the opinion, the issues raised by the original claim and the counterclaim deal in large measure with the same facts and depend upon the same principles of law.