G & M TIRE COMPANY, Inc., Plaintiff,

v.

DUNLOP TIRE & RUBBER CORPORA-
TION, United Co-operatives, Inc., Delta
Purchase Federation and Five County
Farmers Association, Defendants.

No. DC6425.

United States District Court
N. D. Mississippi,
Delta Division.

Oct. 30, 1964.

Howard G. Woodward, Clarksdale,
Miss., for plaintiff.

Keady, Campbell & DeLong, Green-
ville, Miss., Phillips, Mahoney, Lytle,
Yorkey & Letchworth, Buffalo, N. Y., for
defendants.

CLAYTON, District Judge.

Plaintiff sued Dunlop Tire & Rubber
Corporation and three other defendants
for damages alleging in essence that
while it was a distributor for Dunlop
products, Dunlop conspired with the oth-
er defendants to market through them,
products identical to the Dunlop prod-
ucts being distributed by plaintiff but
under another brand name, that Dun-
lop sold such products to the other de-
fendants at much lower, discriminatory
prices, thus ruining plaintiff's business
and causing it to become insolvent.
These acts, plaintiff alleges, were in vio-
lation of the Sherman Anti-Trust Act
and the Robinson-Patman Act.

Dunlop counterclaimed on a promis-
sory note executed in its favor by plain-
tiff to cover indebtedness arising from
the aforementioned dealings between
these two parties. Plaintiff moved to
dismiss this counterclaim and this mo-
tion has been submitted on briefs.

Plaintiff contends that this is a per-
missive rather than a compulsory coun-
terclaim, that Mississippi law controls
and would prevent recovery on this coun-
terclaim in state court and thus that this
court is without jurisdiction to entertain
it here.

Dunlop contends that the counterclaim is compulsory, but if not, that as a permissive counterclaim it has all the requisites of an independent cause of action, that the Mississippi statute relied on by plaintiff is procedural rather than substantive, and thus that the claim is properly before the court in this cause.

■ If this claim asserted by Dunlop as a counterclaim against plaintiff arises out of the transaction or occurrence that is the subject matter of plaintiff's claim, then it is a compulsory counterclaim. Rule 13(a), Federal Rules of Civil Procedure. If Dunlop had not accepted the note, the claim now represented by it would have been a claim · of Dunlop against plaintiff arising from the very course of dealing which is the basis for plaintiff's suit. This is conceded by plaintiff. It has no less connection with that course of dealing by its conversion to a promissory note. The debt is the same, only the evidence of it is different. In view of the uniformly liberal interpretation given to the "transaction or occurrence" phrase of the Rule, the claim remains compulsory. In E. J. Korvette Co. v. Parker Pen Co., 17 F.R.D. 267 (S.D.N.Y.1955), it was said "the test to be applied in determining whether or not a compulsory counterclaim exists is whether there is any logical relationship between the claim now advanced by plaintiffs and the claim previously asserted by the defendant." There is such logical relationship here. This case also stands for the proposition that "transaction or occurrence" shall be broadly interpreted and may include a series of transactions or occurrences. In dealing with former Equity Rule 30, the Supreme Court said, in construing the single word "transaction" that " 'transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Moore

v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757 (1926). See also Lesnik v. Public Industrial Corporation, 144 F.2d 968 (2 Cir. 1944); Douglas v. Wisconsin Alumni Research Foundation, 81 F.Supp. 167 (N.D.Ill. 1948); United Artists Corporation v. Masterpiece Productions, Inc., 221 F.2d 213 (2 Cir. 1955) and 1A Barron & Holtzoff, Federal Practice and Procedure § 391 (Wright ed. 1960).

But even if the foregoing conclusion is incorrect, and the counterclaim is permissive, it does not follow that it cannot be entertained by this court as plaintiff contends. Any claim which a defendant has against a plaintiff which does not fit the definition of a compulsory counterclaim in Rule 13(a) may be asserted by defendant under Rule 13(b) as a permissive counterclaim, provided there is an independent jurisdictional basis for the counterclaim.

■ Asserting that this court lacks jurisdiction of the counterclaim, plaintiff cites and relies heavily on *Erie* [1]. The argument appears to be that the counterclaim would not be maintainable in state court and, therefore, that this court is without jurisdiction. This must be rejected. *Erie* and its progeny deal with the substantive law to be applied in diversity cases, and not with the presence or absence of federal jurisdiction. Here, the jurisdictional requisites of diversity of citizenship and minimum amount in controversy are present. Except for the question of venue, there can be no doubt that defendant could have invoked the jurisdiction of this court in an independent action on the note in question. This being true, the requisite independent jurisdictional basis for this counterclaim is present. The absence of proper venue (which is not here decided) has no effect on this point since plaintiff selected this venue and cannot now properly question it with respect to the counterclaim. The venue statutes speak of where a suit may

1. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

be "brought"; this suit has already been "brought" by plaintiff and defendant may assert his counterclaim even though venue would be defective for an independent action. Lesnik v. Public Industrial Corp., supra; Durox Co. v. Duron Paint Mfg. Co., 193 F.Supp. 829 (D.Md. 1961); See 1A Barron & Holtzoff, Federal Practice and Procedure § 395 (Wright ed. 1960).

█ If plaintiff's reliance on *Erie* is taken as requiring this court to be bound by the Mississippi counterclaim statute, Miss. Code Ann. § 1483.5, instead of an attack on federal jurisdiction, it again must fail. While the various issues to which the *Erie* doctrine is applicable are not free from doubt, the one presented here is clearly a matter of procedure for the orderly administration of federal courts, and is not affected by the different but related rule established by the state for the orderly administration of its courts. Section 1483.5 has to do with pleadings. It deals with adjective law. It would be just as logical for this court to hold that it would not entertain a motion for summary judgment in a diversity case because there is no summary judgment procedure in state courts, as for it to hold that a counterclaim could not be entertained in this court because such a procedure is impermissible in state courts.

Moreover, defendant's counterclaim probably is such a one as would be permissible in the state court under the very statute relied on by plaintiff. While the criteria for classification of a counterclaim as compulsory under Rule 13(a), Federal Rules of Civil Procedure, are not necessarily the same as those applicable to section 1483.5, Miss. Code Ann., those characteristics previously discussed which persuade this court that the counterclaim here is compulsory are likewise persuasive that it is one "arising out of or connected with the situation * * * transaction or contract or subject matter upon which the plaintiff's ac-

tion is based," within the meaning of the state statute.

It follows that plaintiff's motion to dismiss the counterclaim must be overruled. An order will be entered accordingly.