The BORDEN COMPANY

v.

William SYLK and Harry S. Sylk

v.

PENROSE INDUSTRIES COR-
PORATION.

Civ. A. No. 39962.

United States District Court
E. D. Pennsylvania.

June 27, 1967.

Israel Packel, Philadelphia, Pa., for plaintiff.

Michael H. Egnal, Philadelphia, Pa., for defendants.

Joel H. Weinrott, Philadelphia, Pa., for third-party defendant.

MEMORANDUM AND ORDER SUR MOTION TO DISMISS CROSS-CLAIMS (Document 30)

VAN DUSEN, District Judge.

The Borden Company (hereinafter called Borden or plaintiff) sues William Sylk and Harry S. Sylk (hereinafter called the Sylks or defendants) as the endorsers of five promissory notes which, plaintiff alleges, remain partially unpaid by the maker.[1] The defendants have joined Penrose Industries Corporation (hereinafter called Penrose or third-party defendant), which is the maker of the fifth note and the successor corporation to the makers of the other four notes, as a third-party defendant (Document 20). In its Answer to the Third-Party Complaint (Document 28), the third-party defendant has asserted two cross-claims against the plaintiff. The case is now

---

1. The factual background of this case is set forth in more detail in the Memoran-
dum Sur Motions for Summary Judgment, being Document 26.

before the court on the plaintiff's motion to dismiss those cross-claims (Document 30).

At the oral argument on the instant Motion, counsel for plaintiff withdrew his objection to the first cross-claim, which is based upon plaintiff's breach of an alleged oral agreement pursuant to which the notes in suit were given (see Document 28, pp. 2–5). However, plaintiff's counsel continues to press his objection to the second cross-claim, which asserts that plaintiff's sales of ice cream to Penrose were in violation of §§ 2(a), (d) and (e) and 3 of the Clayton Act, as amended by the Robinson-Patman Act (15 U.S.C. §§ 13 and 14), on the ground that such a cross-claim is not properly brought under F.R.Civ.P. 14(a).

Federal Rule 14(a) provides in pertinent part as follows:

"The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." [2]

The defense to the transaction or occurrence that is the subject matter of Borden's claim against the Sylks includes the breach of an alleged oral agreement between the payee of the notes (Borden) and the maker (Penrose) that the payee was to be the sole supplier of all the ice cream needs of the maker throughout the latter's chain of drug stores and that the payee was to charge the maker for ice cream supplied to it a price equal to the lowest price charged by the payee to any retail outlet in the same trading area for ice cream of like grade and quality. See Memorandum Sur Motions for Summary Judgment, being Document 26, at pp. 4–6. Moreover, the third-party defendant's first cross-claim, which plaintiff concedes to be properly brought under Rule 14(a), avers in part as follows:

"9. Pursuant to the forementioned oral arrangement, Penrose and Borden agreed that Borden would be the sole supplier of the ice cream needs of the Chain, said arrangement being made at the specific instance and request of Borden, and Borden required Penrose to exclude all competitors of Borden from supplying the ice cream needs of the Chain.

\* \* \* \* \* \*

"11. In addition, in the same oral arrangement, Borden agreed to charge Penrose, for ice cream supplied to the Chain, a price equal to the lowest price Borden charged any retail outlet or outlets in the same trading area as the Chain for ice cream products of like grade and quality.

\* \* \* \* \* \*

"19. Borden never disclosed to Penrose that Borden was manufacturing ice cream of the same grade and quality as that sold to Penrose under a special label designed 'Crestmont'.
"20. Borden sold said Crestmont ice cream to the Great Atlantic and Pacific Tea Company and other supermarkets within the trading area of the Chain at a price which was approximately at least 40¢ per gallon less than Borden charged Penrose.

"21. During the last six years, Borden sold and delivered to the Chain approximately 270,000 gallons of ice cream and, contrary to the oral agreement between Borden and Penrose, Penrose was charged by and paid to

2. It is noted that the Notes of the Advisory Committee on the Federal Rules contain the following comment with respect to this portion of F.R.Civ.P. 14(a): "A new sentence has also been inserted giving the third-party defendant the right to assert directly against the original plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. This permits all claims arising out of the same transaction or occurrence to be heard and determined in the same action."

Borden an excess amount of $108,-000.00, said sum representing an overcharge of approximately 40¢ per gallon on approximately 270,000 gallons of ice cream."

Presumably evidence on behalf of defendants at trial will include evidence of the existence of the above-mentioned oral agreement, the actual prices at which ice cream was sold to Penrose, the actual prices at which it was sold to buyers other than Penrose, and the grade and quality of the ice cream sold to Penrose and to other buyers. Evidence of all of the above will also be required to support Penrose's cross-claim for treble damages under §§ 2 and 3 of the Clayton Act.[3] Although other evidence may also be involved in the antitrust claims, as, for example, evidence of substantial lessening of competition or cost justification for price differentials,[4] the issues involved in the cross-claim are similar to

those involved in defense of the main action. The following statement by the United States Court of Appeals for the Third Circuit is apposite:

"Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the * * * [cross-] claimant be permitted to maintain his cause of action." Great Lakes Rubber Corporation v. Herbert Cooper Co., 286 F.2d 631, 634 (3rd Cir. 1961).[5]

In view of the foregoing, Penrose may properly assert its cross-claim for treble damages under the antitrust laws in this litigation. See Great Lakes Rubber Corporation v. Herbert Cooper Co., supra; Heintz & Co. v. Provident Tradesmens Bank and Trust Co., 30 F.R.D. 171 (E.·

---

3. Those sections provide in part:
   "(a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, * * * where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them:
   * * *
   "It shall be unlawful for any person engaged in commerce, in the course of such commerce, to lease or make a sale or contract for sale of goods, wares, merchandise, machinery, supplies, or other commodities, * * * or fix a price charge therefor, or discount from, or rebate upon, such price, on the condition, agreement, or understanding that the lessee or purchaser thereof shall not use or deal in the goods, wares, merchandise, machinery, supplies, or other commodities of a competitor or competitors of the lessor

or seller, where the effect of such lease, sale, or contract for sale or such condition, agreement, or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce."
15 U.S.C. §§ 13(a) and 14.

4. See first proviso clause to § 2(a) of the Clayton Act, 15 U.S.C. § 13(a).

5. Although this case and some of the others cited herein deal with the question of what types of counter-claims are compulsory under F.R.Civ.P. 13(a), such cases are deemed pertinent here because the test contained in Rule 13(a) is cast in language substantially identical to that contained in the pertinent sentence of Rule 14(a). That is, Rule 13(a) provides in part as follows:
   "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

D.Pa.1962); G & M Tire Company v. Dunlop Tire & Rubber Corporation, 36 F.R.D. 440 (N.D.Miss.1964); E. J. Korvette Co. v. Parker Pen Company, 17 F.R.D. 267 (S.D.N.Y.1955); Affiliated Music Enterprises v. Sesac, Inc., 17 F.R.D. 509 (S.D.N.Y.1955).*

The case of Mercoid Corp. v. Mid-Continent Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1943), relied on by plaintiff, does not require a different result. There is nothing in that opinion of the Supreme Court of the United States which holds that the counterclaim under § 4 of the Clayton Act, 15 U.S.C. § 15, was permissive (and hence one not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim),[6] rather than compulsory. The court apparently assumed that the counterclaim was a permissive one.[7]

The foregoing does not indicate that it may not be proper judicial administration to sever the second cross-claim for purposes of trial when pre-trial memoranda show the contentions concerning such claim, the witnesses to be called, the time it will take to try it, etc. In any event, a separate trial may be had on the note dated August 2, 1962, since the defendants have not asserted that that note was given pursuant to the alleged continuing oral arrangement. Such separate trial could be had immediately prior to the trial on the other four notes and to the same jury.

Motion to Dismiss Cross-Claims (Document 30) denied.

---

\* Cf. Taylor v. Rederi A/S Volo, 3rd Cir., March 22, 1967, 374 F.2d 545.

6. F.R.Civ.P. 13(b).

7. There is no indication that the applicability of F.R.Civ.P. 13(a) or 13(b) was argued before, or considered by, the District Court or the Court of Appeals. Mid-Continent Inv. Co. v. Mercoid Corporation, 133 F.2d 803 (7th Cir. 1942);

---

Mid-Continent Inv. Co. v. Mercoid Corporation, 43 F.Supp. 692 (N.D.Ill.1942).

An examination of the briefs filed in the Supreme Court of the United States does not disclose that any reference was made by any counsel to the applicability of any part of F.R.Civ.P. 13 to the controversy as submitted to the Supreme Court of the United States.