The **OLD HOMESTEAD BREAD COM-PANY, Plaintiff,**

v.

**CONTINENTAL BAKING COMPANY; Interstate Bakeries Corporation; Rainbo Bakers, Inc.; Rainbo Bread Company, and Campbell Taggart Associated Bakeries, Inc., Defendants.**

**Civ. A. No. C-844.**

United States District Court
D. Colorado.
Aug. 6, 1969.

Gorsuch, Kirgis, Campbell, Walker & Grover, by Frederic L. Kirgis and John S. Pfeiffer, Denver, Colo., for plaintiff.

Welborn, Dufford & Cook, by Robert F. Welborn, Denver, Colo., Covington & Burling, John H. Schafer, Washington, D. C., for defendant Continental Baking Co.

Ireland, Stapleton, Pryor & Holmes, by Benjamin F. Stapleton and Kenneth L. Starr, Denver, Colo., J. L. Parks, Kansas City, Mo., Winston, Strawn, Smith & Patterson, Edward L. Foote, Chicago, Ill., for defendant Interstate Bakeries Corp.

Hodges, Silverstein & Harrington, by Joseph G. Hodges and Richard W. Breithaupt, Denver, Colo., for defendants Rainbo Bakers, Inc. and Rainbo Bread Co.

Holme, Roberts & Owen, by Donald C. McKinlay and Richard G. Wohlgenant, Denver, Colo., for defendant Campbell Taggart Associated Bakeries, Inc.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This is an action for treble damages asserting violations of several antitrust laws. The amended complaint alleges a combination and conspiracy in violation of Sections 1 and 2 of the Sherman Act to restrain and to monopolize the production, transportation and marketing of bread and other bakery products in a regional market consisting of Colorado, southeastern Wyoming and western Nebraska. It also alleges a discriminatory bread pricing scheme in violation of Section 2(a) of the Robinson-Patman Act. The only question before us now is a motion for leave to file a cross-claim submitted by Interstate Bakeries Corporation (hereinafter Interstate). This motion has been vigorously resisted by the other defendants and briefs have been filed, a hearing has been held, and the matter stands submitted.

The plaintiff's amended complaint sets forth the following as conduct evidencing a combination and conspiracy in restraint of trade and an unlawful price discrimination scheme: promotional discounts of cash or products designed to lure customers; wholesale prices set so low that it was impossible for a local independent bakery to meet these prices and make any profit; maintaining such unreasonably low prices over long periods of time by resorting to profits from national markets; weekend specials giv-

en to certain customers in an effort to obtain a monopoly over the purchases of these customers; discriminatory pricing evidenced by the use of high prices where there was no competition from plaintiff and unreasonably low prices where plaintiff was in competition.

Interstate filed this cross-claim against Continental Baking Company (hereinafter Continental), Campbell Taggart Associated Bakeries, Inc. (hereinafter Campbell Taggart), Rainbo Bakers, Inc. (hereinafter Rainbo Bakers), and Rainbo Bread Company (hereinafter Rainbo Bread). The cross-claim contends that these companies actively participated in agreements to restrain and monopolize competition in the bread market and that Interstate was involuntarily compelled to meet the unreasonably low prices resulting from these agreements to stay in this geographical market. Interstate claims it was able to meet these prices only by drawing from the profits it earned in other geographical markets.

More specifically, Interstate avers that Continental entered into an agreement in 1964 with Associated Grocers, a buying organization representing 150 local supermarkets, whereby one pound bread was sold to these stores at a price substantially below cost. It is further alleged that this unreasonably low price was consistently maintained from January 1965 until January 1968, even though the cost of wholesale baking operations substantially increased during this period due to ingredient and labor cost increases. Interstate also alleges that Campbell Taggart and two of its subsidiaries, Rainbo Bakers and Rainbo Bread, formed an agreement running from June 1964 through January 1968 which provided in part that: Rainbo

Bakers and Rainbo Bread, both of whom sell under the label "Rainbo Bread," would not compete to provide an alternative source of supply to customers; a pricing scheme charging the same list price to large wholesale grocers in the area and offering the same rebates and discounts to these grocers would be followed; and one pound bread units would be offered to these large wholesale grocers at prices below cost. Interstate further contends that because of this agreement it was unable to sell bread or other bakery products to regional K-Mart, Albertson's, U-Tote-M, and 7-Eleven stores, the wholesale grocers alleged to be the beneficiaries of the agreement.

Defendants Continental, Campbell Taggart and the Rainbo companies contend that the cross-claim is not transactional, and alternatively, that it should not be allowed because it would unduly complicate and enlarge the issues and confuse and prejudice a jury.

A cross-claim under Rule 13(g) includes "any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. * * *" Defendants argue that this cross-claim does not arise from the same transaction or occurrence described in the amended complaint because the conspiracy and price discrimination claims asserted by plaintiff and Interstate are not identical.[1] The claims differ in that the amended complaint alleges a conspiracy and a price discrimination scheme among all defendants, whereas the cross-claim charges a unilateral attempt to monopolize by Continental and an agreement between Campbell Taggart and the Rainbo companies to illegally re-

---

1. Count III of Interstate's cross-claim alleges that from July 1964 through January 1968, the two Rainbo companies sold products to some customers under regular list prices and simultaneously sold comparable products to other customers at special or discounted prices. This allega-

tion is similar to plaintiff's allegation under Section 2(a) of the Robinson-Patman Act. The only difference is that plaintiff accuses all defendants, whereas Interstate narrows its charge to Campbell Taggart and the Rainbo companies.

strain trade and practice discriminatory pricing. These differences are not determinative, however, because absolute factual identity is not required for a finding that claims arise out of the same transaction and occurrence.[2] A transaction which is the foundation of the original complaint is not limited to the facts alleged in that complaint, but also includes any logically related acts or conduct of the parties.[3] Thus, our inquiry is whether there is a logical relationship between the amended complaint and the cross-claim.

Defendants Campbell Taggart and the Rainbo companies characterize the conspiracy claim against them as a "new and different conspiracy." In essence, these defendants contend that the agreement alleged in the cross-claim pertains only to elimination of competition among the Rainbo companies and is entirely unrelated to the plaintiff's claim of conspiracy among all the defendants to grant discriminatory prices and unlawful promotional allowances.[4]

We are not persuaded by this argument. The amended complaint described a general scheme of concerted action by wholesale bakers which injured plaintiff. Interstate's cross-claim alleges specific agreements covering the same period of time and involving similar illegal conduct. Both claims appear to be offshoots of the same basic controversy.[5] The practices among wholesalers and retailers in the distribution of bread products are the central issues in both claims. The evidence needed to prove these claims will not be identical, but it will be substantially the same.[6] It therefore seems to us that Interstate's specific allegations closely coincide with and are logically related to the conduct which underlies plaintiff's general charge. Furthermore, allowing this cross-claim will enable us to grant full relief to all parties and make a complete determination of all issues arising out of this basic controversy.[7] Accord-

2. See, e. g., United States v. Southern Construction Co., 293 F.2d 493, 500 (6th Cir. 1961), rev'd in part, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962); United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213, 216 (2d Cir. 1955); American Airlines, Inc. v. Transport Workers Union, 44 F.R.D. 236, 237 (N.D. Okl.1968). These decisions involved counterclaims but the test for determining the meaning of the phrase "same transaction or occurrence" in the cross-claim provision of Rule 13(g) is identical to the test applicable for determining whether a counterclaim is compulsory under Rule 13(a). See Borden Co. v. Sylk, 42 F. R.D. 429, 431 n. 5 (E.D.Pa.1967); Benson Manufacturing Co. v. Bell Telephone Co., 35 F.R.D. 29, 33 (E.D.Pa.1964); 3 J. Moore, Federal Practice § 13.34, at 92 (2d ed.1968).

3. United Fruit Co. v. Standard Fruit & Steamship Co., 282 F.Supp. 338, 339 (D. Mass.1968); Korvette Co., Inc. v. Parker Pen Co., 17 F.R.D. 267, 269 (S.D.N.Y. 1955). In Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926), the United States Supreme Court advised:

" 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." 270 U.S. at 610, 46 S.Ct. at 371.

4. Memorandum of Campbell Taggart in Opposition to Cross-Claim, p. 5; Memorandum of Rainbo Bread and Rainbo Bakers in Opposition to Cross-Claim, p. 5.

5. See United Fruit Co. v. Standard Fruit & Steamship Co., 282 F.Supp. 338, 339–340 (D.Mass.1968); Magna Pictures Corp. v. Paramount Pictures Corp., 265 F.Supp. 144, 153 (C.D.Cal.1967); Crest Auto Supplies, Inc. v. Ero Manufacturing Co., 246 F.Supp. 224, 229 (N.D.Ill.1965); G & M Tire Co. v. Dunlop Tire & Rubber Corp., 36 F.R.D. 440, 441 (N.D.Miss. 1964); Korvette Co., Inc. v. Parker Pen Co., 17 F.R.D. 267, 269 (S.D.N.Y.1955).

6. Borden Co. v. Sylk, 42 F.R.D. 429, 431 (E.D.Pa.1967) (antitrust cross-claim permitted in a suit to collect promissory notes).

7. See Plains Insurance Co. v. Sandoval, D.C., 35 F.R.D. 293, 296 (1964). Rule

ingly, we conclude that there is a logical and close relationship between the amended complaint and the cross-claim against Campbell Taggart and the Rainbo companies.

Continental urges that Interstate's charge of unilateral monopolization has no logical connection to the amended complaint because the cross-claim goes far beyond the allegations of the plaintiff. It points to paragraphs 34 and 35 of the cross-claim which refer to Continental's business methods in markets other than the one before us. We do not construe these paragraphs as an attempt to allege a nation-wide monopoly. Continental raises no other substantial objections, and therefore, we find that the unilateral monopolization charge also is a proper cross-claim under Rule 13(g).[8]

The Rainbo companies further suggest that this cross-claim is not proper as a matter of law. This argument is based upon a strained interpretation of a line of cases beginning with Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944). Mercoid was sued for contributory infringement of a patent and counterclaimed alleging that Mid-Continent and its licensee had conspired to expand the patent monopoly in violation of the anti-trust laws. Mid-Continent argued that Mercoid's counterclaim was barred because it was not asserted when Mercoid provided the defense for an earlier suit challenging the validity of the same patent. The Supreme Court rejected this contention, stating:

"Though Mercoid were barred in the present case from asserting any defense which might have been interposed in the earlier litigation, it would not follow that its counterclaim for damages would likewise be barred. That claim for damages is more than a defense; it is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior suit by reason of Rule 13(b) * * * does not mean that the failure to do so renders the prior judgment res judicata as respects it." 320 U.S. at 671, 64 S.Ct. at 274.

Several subsequent cases have held that counterclaims for treble damages under the antitrust laws are not compulsory and are not barred if not asserted in a patent infringement action.[9] Defendants argue from these cases that a counterclaim or cross-claim under the antitrust laws can never arise out of the same transaction or occurrence which is the subject matter of the complaint.[10] This

13(g) is remedial and should be liberally construed to achieve expeditious and economical adjudication in a single action of all issues arising from one set of facts. See, e. g., Thomas v. Malco Refineries, Inc., 214 F.2d 884, 886 (10th Cir. 1954); Blair v. Cleveland Twist Drill Co., 197 F.2d 842, 845 (7th Cir. 1952); Collier v. Harvey, 179 F.2d 664, 668-669 (10th Cir. 1949); United States v. Thomas Steel Corp., 161 F.Supp. 248, 251 (N.D. Ohio 1958).

8. Continental suggests that the cross-claim should be denied because it alleges predatory behavior in the distribution of cake. It correctly states that the amended complaint did not specifically mention cake. It then argues that cake products are sold on a different basis than bread, and that cake, in essence, is an entirely different

industry. Interstate, on the other hand, states that plaintiff's discovery has been directed to cake as well as bread. The amended complaint does mention that plaintiff made pastries. At this time, the two products seem sufficiently related to permit this portion of the cross-claim. However, we reserve the right to strike the cake allegations if that should appear appropriate at some future time.

9. See, e. g., Switzer Bros., Inc. v. Locklin, 207 F.2d 483, 488 (7th Cir. 1953); Gasswint v. Clapper, 17 F.R.D. 309, 313 (W. D.Mo.1955); cf. Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gasoline Co., 237 F.Supp. 817, 818 (E.D.Mo. 1964) (prior action not indicated).

10. Memorandum of Rainbo Bread and Rainbo Bakers in Opposition to Cross-Claim, p. 8.

argument is clearly erroneous as shown by the numerous decisions which have held antitrust counterclaims to be compulsory counterclaims in actions brought under the antitrust laws.[11]

Permission to interject a cross-claim has been denied when granting it would confuse or mislead a jury or unnecessarily delay trial,[12] and defendants have presented a predictably gloomy summary of the dire consequences which will result if we allow this cross-claim. For example, they contend that interjection of this cross-claim will force them to prepare for and try a completely different case. It is also argued that additional complexity will result because defendants will probably counterclaim against Interstate, and that this complexity will prejudice and confuse the jury.[13] The added complexity, however, does not overshadow the fact that there is a very close relationship between the amended complaint and the cross-claim.[14] In view of this relationship, we are of the opinion that the cross-claim is proper even though it will complicate trial of this lawsuit.

The foregoing is not intended to preclude the possibility that it may become advisable to sever the cross-claim for trial.[15] If, as defendants suggest, the cross-claim will unduly disrupt discovery, it may also become appropriate to try the complaint issues while discovery on the cross-claim is still in progress. For the time being, and in the interest of a just and complete resolution of this controversy, we will allow the filing of this cross-claim. Therefore, Interstate's motion should be and the same is hereby granted.

11. See, e. g., Magna Pictures Corp. v. Paramount Pictures Corp., 265 F.Supp. 144, 153 (C.D.Cal.1967); Crest Auto Supplies, Inc. v. Ero Manufacturing Co., 246 F.Supp. 224, 229 (N.D.Ill.1965); G & M Tire Co., Inc. v. Dunlop Tire & Rubber Corp., 36 F.R.D. 440, 441 (N.D. Miss.1964); Affiliated Music Enterprises, Inc. v. Sesac, Inc., 17 F.R.D. 509, 511 (S.D.N.Y.1955); Korvette Co., Inc. v. Parker Pen Co., 17 F.R.D. 267, 269 (S. D.N.Y.1955). A recent decision has permitted a cross-claim for treble damages under the Robinson-Patman Act in a suit brought originally to collect on several promissory notes. Borden Co. v. Sylk, 42 F.R.D. 429, 431–432 (E.D.Pa.1967).

12. Atlantic Corp. v. United States, 311 F. 2d 907, 910 (1st Cir. 1962); United States v. Eight Tracts of Land, 270 F. Supp. 160, 165 (E.D.N.Y.1967).

13. Memorandum of Continental in Opposition to Cross-Claim, pp. 2–4; Memorandum of Campbell Taggart in Opposition to Cross-Claim, p. 7; Memorandum of Rainbo Bread and Rainbo Bakers in Opposition to Cross-Claim, pp. 6–8.

14. See Magna Pictures Corp. v. Paramount Pictures Corp., 265 F.Supp. 144, 153 (C.D.Cal.1967). The degree of logical connection is a compelling factor to be considered in determining whether to allow a cross-claim. See United States v. Eight Tracts of Land, 270 F.Supp. 160, 165 (E.D.N.Y.1967) (cross-claim denied because it was independent in nature).

15. See, e. g., Magna Pictures Corp. v. Paramount Pictures Corp., 265 F.Supp. 144, 153–154 (C.D.Cal.1967); Borden Co. v. Sylk, 42 F.R.D. 429, 432 (E.D. Pa.1967).