### In re MARTIN BAKER WELL DRILLING, INC., Debtor.

MARTIN BAKER WELL DRILLING, INC. F. Martin Baker, Plaintiffs,

v.

James KOULOVATOS Muriel Koulovatos, Defendants.

Bankruptcy No. 18200288.
Adv. No. 183–0022.

United States Bankruptcy Court, D. Maine.

Dec. 5, 1983.

Robert Keach, Verrill & Dana, Portland, Me., for Martin Baker Well Drilling, Inc.

John Moncure, Topsham, Me., for F. Martin Baker.

George Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for defendants.

## PROTECTIVE ORDER

JAMES A. GOODMAN, Bankruptcy Judge.

Plaintiffs have served upon defendants notices to take their depositions in Portland, Maine. The defendants have timely filed a motion for a protective order. After notice and a hearing, the Court finds that the defendants' depositions should be taken in Florida.

It is undisputed that the Court may, in its discretion, protect a party from undue burden or expense by designating the place for the taking of depositions. *See* Fed.R.Civ.P. 26(c) (incorporated into the Bankruptcy Rules). Here, the defendants reside in Bayonet Point, Florida, and the general presumption is that defendants shall be deposed at their place of residence or employment. *See Pinkham v. Paul,* 91 F.R.D. 613, 615 (D.Me.1981). Plaintiffs contend, however, that the defendants have asserted permissive counterclaims in this action, thereby losing the benefit of the presumption. Having freely chosen to seek relief in the District of Maine, defendants, it is argued, should be expected to make themselves available for examination in Maine. *See id.;* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2112 (1970).

This adversary proceeding arises out of the tumultuous business relationship between plaintiffs and defendants. Plaintiffs allege that in June, 1981, James Koulovatos gained control of a majority of the debtor's stock and became an officer and director of the debtor. Plaintiffs' eleven count complaint contests numerous transfers from the debtor to Koulovatos, and attacks alleged security interests held by defendants on property of the debtor. Defendants' six count counterclaim seeks damages for fraud and misrepresentation in the granting of defendants' alleged security interests, and attacks numerous transfers from the debtor to F. Martin Baker or other entities controlled by Baker.

A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." Fed.R.Civ.P. 13(a) (as incorporated into the Bankruptcy Rules). The principal purpose of this rule is to effect judicial economy by determining in one action all related controversies between the parties, thereby avoiding a multiplicity of suits. *See By-Prod Corp. v. Armen-Berry Co.,* 668 F.2d 956, 960 (7th Cir.1982); *Pipeliners Local Union No. 798 v. Ellerd,* 503 F.2d 1193, 1198 (10th Cir.1974); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1409 (1971). The Courts interpret the terms "transaction" and "occurrence" flexibly and realistically in order to

further that purpose. *Pipeliners Local Union No. 798,* 503 F.2d at 1198; *see* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1410 (1971) (courts agree terms should be construed liberally). For example, "transaction or occurrence" may include a series of transactions or occurrences. *G & M Tire Co. v. Dunlop Tire & Rubber Corp.,* 36 F.R.D. 440, 441 (D.Miss.1964).

"The most widely accepted test by which the compulsory or permissive nature of a specific counterclaim can be determined is whether the counterclaim is logically related to the claim being asserted by the opposing party." *Chemetron Corp. v. Cervantes,* 92 F.R.D. 26, 29 (D.P.R.1981); *see* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1410 (1971). Courts have found a logical relationship where separate trials would involve a substantial duplication of effort and time by the parties and the courts. When multiple claims are offshoots of the same basic controversy between the parties, then the purpose of Rule 13(a) is served by denominating the counterclaims as compulsory. *See Diamond v. Terminal Railway Alabama State Docks,* 421 F.2d 228, 236 (5th Cir.1970) (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir.1961)). The Court finds that substantial duplication of effort and time would result if the counterclaims in this case were tried separately. The various transfers between the debtor and the other parties to this action would appear to be logically related, and the Court concludes that the counterclaims are compulsory under Fed.R.Civ.P. 13(a).

Plaintiffs contend, however, that all counterclaims are permissive under old Bankruptcy Rule 713 (superceded August 1, 1983) and current Bankruptcy Rule 7013 where the debtor in possession is the plaintiff. Those rules provide that Fed.R.Civ.P. 13 applies in adversary proceedings except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim which he has against the debtor, its property, or the estate. Here, defendants are being sued not only by the debtor, but also by F. Martin Baker. Thus, it may well be that defendants must state their logically related counterclaims against Mr. Baker. Even if the Bankruptcy Rule does here apply, however, the Court finds that the policies underlying the various rules involved would best be served by treating defendants as if they had filed compulsory counterclaims.

As noted above, the principal purpose underlying Fed.R.Civ.P. 13(a) is to prevent duplication of effort by the courts and the parties. The Bankruptcy Rule has adopted the same philosophy with certain exceptions. As noted in the Advisory Committee's Note to old Bankruptcy Rule 713, considerations of procedural economy and expedition do not warrant *compulsion* of an adversary party not otherwise subject to the court's jurisdiction to file any counterclaim in that court. Obviously, the exception in the Bankruptcy Rules to Fed.R. Civ.P. 13(a) is intended solely for the protection of the defendant. The same considerations of economy apply in bankruptcy cases as in other cases—the exception merely reflects the rulemakers' opinion that those considerations are outweighed by concerns over compelling defendants who are not otherwise subject to the bankruptcy court's jurisdiction to file claims in that court.

In the ordinary civil action, a plaintiff is generally required to be examined where the action is pending because he chose that forum. Since a defendant does not choose the forum, he usually must be examined at his place of residence or employment, not where the action is pending. Where defendant files a *permissive* counterclaim, *i.e.,* a claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim (Fed.R.Civ.P. 13(b)), then defendant is treated as having chosen the forum, since he could have filed a separate action on his "unrelated" claim. The goal of judicial economy is affected only slightly, if at all, since a separate action on a permissive counterclaim is by definition unlikely to involve a substantial duplication of effort and time by the parties and the courts.

Now, assume that defendants have counterclaims that would be compulsory but for the exception contained in the Bankruptcy Rules. Assume further that defendants have no objection to submitting to the bankruptcy court's jurisdiction. The reason for the bankruptcy exception to the compulsory counterclaim rule would then not apply, since defendants have no objection to submitting to the bankruptcy court's jurisdiction. The goals of economy and expedition would then be served by encouraging defendants to file their counterclaims in the pending action. If, for purposes of the location of depositions, however, the defendants were then treated like plaintiffs and required to submit to examination at the forum site, then defendants would be deterred from asserting their counterclaims. As a general rule, it is in the best interests of all parties and of the courts to avoid unnecessary duplication of effort. Therefore, the Court holds that for purposes of conducting discovery, defendants who file what would otherwise be compulsory counterclaims (but for the fact that plaintiff is a trustee or debtor in possession) will be treated as having in fact filed compulsory counterclaims.

As further support for the Court's decision, it appears that James Koulovatos suffers from a chronic back condition that would make travel to Maine painful, and require the use of medication that makes Mr. Koulovatos drowsy and incoherent. In light of the above, it is

ORDERED, that the depositions of the defendants shall be held in the Florida county wherein they reside.