### In re McCRARY'S FARM SUPPLY, INC., Debtor.

**William N. OTTE, Secretary to the Creditors' Committee, Plaintiff.**

v.

**MONSANTO COMPANY, Defendant.**

**Bankruptcy No. LR 81–666M.**

**Adv. No. 84–149M.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

July 29, 1985.

is matured and free of any issue of fact in that regard. *Matter of Kakolewski,* 29 B.R. 572, 577 (Bkrtcy.W.D.Mo.1983).

Peter B. Heister, James W. Cherry, Little Rock, Ark., Scott T. Partridge, Joseph C. Wilkinson, Jr., New Orleans, La., for Monsanto Co.

Jack Sims, Little Rock, Ark., Joseph L. Matz, Chicago, Ill., for William N. Otte.

Isaac A. Scott, Little Rock, Ark., for debtor.

### PRE–TRIAL ORDER

JAMES G. MIXON, Bankruptcy Judge.

The plaintiff is secretary of the creditors' committee and authorized by the terms of a confirmed plan to prosecute a complaint against Monsanto Company for the recovery of a preferential transfer. The complaint seeks a money judgment for the sum of $889,858.95.

The defendant Monsanto Company in its answer to the complaint demands a jury trial pursuant to Rule 9015 of the Rules of Bankruptcy Procedure. Plaintiff does not vigorously oppose the motion. The defendant insists that because it has a right to a jury trial, this matter is not capable of being tried in the Bankruptcy Court. This contention has been ruled on adversely to Monsanto Company by the Court pursuant to its Order of November 20, 1984.

28 U.S.C. § 151 designates the Bankruptcy Court as a unit of the District Court. 28 U.S.C. § 157 provides, in part, as follows:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11 referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(F) proceedings to determine, avoid, or recover preferences;

28 U.S.C. § 1411 governs the right to a jury trial in Bankruptcy Court. Section 1411 provides:

Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim.

Under the former Bankruptcy Act, a suit by the trustee to recover a preference which was brought in the District Court and sought only a money judgment was an action at law which entitled a defendant to a right to trial by jury, under the Seventh Amendment to the United States Constitution. *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932). On the other hand, where the preference action was brought as a counter-claim to a claim filed in the Bankruptcy Court, the defendant creditor was deemed to have waived his right to a jury trial by submitting to the summary or equity jurisdiction of the Bankruptcy Court since a claim was filed. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

Generally, under the Bankruptcy Act, the Bankruptcy Court exercised only summary jurisdiction as a matter of right. Matters which were considered subject to plenary jurisdiction were matters which were brought in the Bankruptcy Court only if the parties gave their actual or constructive consent; otherwise, the Bankruptcy Court had no jurisdiction. The abolishment of the litigation concerning the difference between summary and plenary jurisdiction was a significant goal of the drafters of the new Bankruptcy Code. H.R.Rep. No. 595, 95th Cong. Sess. 44–46 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6005–6008.

■ The demand for a jury trial was timely made. In my view, the defendant, Monsanto Company, is entitled to jury trial, under the Seventh Amendment to the United States Constitution. The suit is in the nature of an action at law. Under the Bankruptcy Code as amended, this is a core proceeding which is properly referred to the Bankruptcy Court.

■ It is probably correct that if this action had been a proceeding under the old Bankruptcy Act, *Katchen v. Landy,* 382 U.S. at 323, 86 S.Ct. at 467, would have required a different result because Monsanto Company has filed a claim in this case. *See In re Portage Associates, Inc.,* 16 B.R. 445 (Bkrtcy.N.D.Ohio 1982); *Whitlock v. Hause,* 694 F.2d 861 (1st Cir.1982). The claim of Monsanto Company was filed months before the preference action was commenced according to the claims register. To suggest that Monsanto Company knowingly waived a valuable right to a jury trial by filing a claim in the case would be totally illogical. The right to a jury trial is properly determined by the nature of the matter involved, and whether it is a cause of action at law or equity. *In re Rodgers & Sons, Inc.,* 48 B.R. 683 (Bkrtcy.E.D.Okla. 1985).

Although the Bankruptcy Code is not clear on the subject, and the 1984 Bankruptcy Amendments further complicated the issue, Courts which have considered this question have concluded that if the right to a jury trial exists in a case which is a core proceeding, except when the pro-

ceeding concerns a personal injury or wrongful death claim, a jury trial may be conducted in the Bankruptcy Court. *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727 (D.C.M.D.Ga., Macon D.1985); *In re Gibbons Construction, Inc.*, 46 B.R. 193 (D.C.E.D.Ky., Catlettsburg 1984); *In re Smith-Douglass, Inc.*, 43 B.R. 616 (Bkrtcy. E.D.N.C.1984). A trial by jury in Bankruptcy Court is not prohibited by the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *See also In re River Transportation Company*, 9 C.B.C. 986, 35 B.R. 556 (Bkrtcy.M.D.Tenn.1983); *In re Rodgers & Sons, Inc.*, 48 B.R. at 683; *In re Morse Electric Company, Inc.*, 47 B.R. 234 (Bkrtcy.N.D.Ind., South Bend D.1985); *In re Martin Baker Well Drilling, Inc.*, 10 C.B.C.2d 375, 36 B.R. 151 (Bkrtcy.D.Maine 1983).

The demand for jury trial is granted. Both parties have thirty days from the date of the entry of this Order to file any other pre-trial motions. Jury instructions shall be due by August 25, 1985. Pursuant to Local Rule 32(III)(e) of the United States District Court, Eastern District of Arkansas, this matter is referred to the District Court for a determination of whether this jury trial will be conducted in the District Court or referred back to the Bankruptcy Court for trial. If referred back to the Bankruptcy Court, trial is set for September 10, 11 and 12, 1985, at 9:00 a.m., in Little Rock, Arkansas.

IT IS SO ORDERED.