HOWARD W. AMBRUSTER, Appellant, *v.* THE ANGLO-SOUTH AMERI-
CAN TRUST COMPANY and Others, Defendants, Impleaded with
E. R. SQUIBB & SONS, Respondent.

First Department, November 22, 1940.

*Philip W. Lowry* of counsel [*Harold D. Beatty* with him on the brief; *Bigelow & Beatty*, attorneys], for the appellant.

*Bruce Bromley* of counsel [*John H. Morse* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood*, attorneys], for the respondent.

UNTERMYER, J. The action is to recover damages, both actual and exemplary, for losses sustained by the plaintiff in consequence of an alleged unlawful conspiracy among the defendants to inflict injury on the plaintiff's business in crude ergot of rye, and fluid extract of ergot. The complaint alleges that the conspiracy was in violation of section 340 of the General Business Law and section 580 of the Penal Law and enumerates the acts alleged to have been performed by the defendants, the purpose of which was to destroy the plaintiff's business. These acts consist in part of the refusal of the defendants to deal with the plaintiff and interference with

the plaintiff's attempt to sell his ergot products by inducing others not to deal with him.

The defendant E. R. Squibb & Sons, as a complete and as a partial defense, alleges that at the times mentioned in the complaint the plaintiff was engaged in an unlawful conspiracy with others to corner the ergot market and that said defendant's acts were performed solely for the purpose of protecting itself against the plaintiff's unlawful conduct and not with the intent of injuring the plaintiff's business or restraining trade.

We think these allegations do not constitute a complete defense to the cause of action alleged in the complaint. The fact that the plaintiff was violating these statutes in the conduct of his business did not place him in a position where others could violate them with impunity by creating a boycott against him. Nor does it constitute a defense that said defendant did not intend to inflict injury on the plaintiff if, in consequence of the violation of law, such injury ensued. If the action were in equity, different considerations might apply. (*Wolfenstein* v. *Fashion Originators Guild of America*, 244 App. Div. 656.)

The facts pleaded should, however, be allowed to remain as a partial defense for the reason that the plaintiff seeks exemplary damages. Those facts, tending to establish that the defendant acted from justifiable motives, would be material on that issue.

The order should be modified by granting the motion to strike out the said defendant's complete defense and otherwise affirmed, without costs.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Order unanimously modified by granting the motion to strike out the complete defense of defendant-respondent, and as so modified affirmed, without costs.