# KIEFER-STEWART CO. *v.* JOSEPH E. SEAGRAM & SONS, INC. ET AL.

No. 297.   Argued December 8, 1950.—Decided January 2, 1951.

*Joseph J. Daniels* and *Paul A. Porter* argued the cause and filed a brief for petitioner.

*Paul Y. Davis* argued the cause for respondents. With him on the brief were *Joseph M. Hartfield* and *Thomas Kiernan.*

*Solicitor General Perlman, Acting Assistant Attorney General Underhill* and *Charles H. Weston* filed a brief for the United States, as *amicus curiae,* supporting petitioner.

Mr. Justice Black delivered the opinion of the Court.

The petitioner, Kiefer-Stewart Company, is an Indiana drug concern which does a wholesale liquor business. Respondents, Seagram and Calvert corporations, are affiliated companies that sell liquor in interstate commerce to Indiana wholesalers. Petitioner brought this action in a federal district court for treble damages under the Sherman Act. 15 U. S. C. §§ 1, 15. The complaint charged that respondents had agreed or conspired to sell liquor only to those Indiana wholesalers who would resell at prices fixed by Seagram and Calvert, and that this agreement deprived petitioner of a continuing supply of liquor to its great damage.* On the trial, evidence was introduced tending to show that respondents had fixed maximum prices above which the wholesalers could not resell. The jury returned a verdict for petitioner and damages were awarded. The Court of Appeals for the Seventh Circuit reversed. 182 F. 2d 228. It held that an agreement among respondents to fix maximum resale prices did not violate the Sherman Act because such prices promoted rather than restrained competition. It also held the evidence insufficient to show that respondents had acted in concert. Doubt as to the correctness

---

*Petitioner also charged a violation of the Clayton Act, 15 U. S. C. § 18, but this theory has been abandoned and is not important here. See p. 215, *infra.*

of the decision on questions important in antitrust litigation prompted us to grant certiorari. 340 U. S. 863.

The Court of Appeals erred in holding that an agreement among competitors to fix maximum resale prices of their products does not violate the Sherman Act. For such agreements, no less than those to fix minimum prices, cripple the freedom of traders and thereby restrain their ability to sell in accordance with their own judgment. We reaffirm what we said in *United States* v. *Socony-Vacuum Oil Co.,* 310 U. S. 150, 223: "Under the Sherman Act a combination formed for the purpose and with the effect of raising, depressing, fixing, pegging, or stabilizing the price of a commodity in interstate or foreign commerce is illegal *per se.*"

The Court of Appeals also erred in holding the evidence insufficient to support a finding by the jury that respondents had conspired to fix maximum resale prices. The jury was authorized by the evidence to accept the following as facts: Seagram refused to sell to petitioner and others unless the purchasers agreed to the maximum resale price fixed by Seagram. Calvert was at first willing to sell without this restrictive condition and arrangements were made for petitioner to buy large quantities of Calvert liquor. Petitioner subsequently was informed by Calvert, however, that the arrangements would not be carried out because Calvert had "to go along with Seagram." Moreover, about this time conferences were held by officials of the respondents concerning sales of liquor to petitioner. Thereafter, on identical terms as to the fixing of retail prices, both Seagram and Calvert resumed sales to other Indiana wholesalers who agreed to abide by such conditions, but no shipments have been made to petitioner.

The foregoing is sufficient to justify the challenged jury finding that respondents had a unity of purpose or a common design and understanding when they forbade

their purchasers to exceed the fixed ceilings. Thus, there is support for the conclusion that a conspiracy existed, *American Tobacco Co.* v. *United States,* 328 U. S. 781, 809–810, even though, as respondents point out, there is other testimony in the record indicating that the price policies of Seagram and Calvert were arrived at independently.

Respondents also seek to support the judgment of reversal on other grounds not passed on by the Court of Appeals but which have been argued here both orally and in the briefs. These grounds raise only issues of law not calling for examination or appraisal of evidence and we will consider them. Respondents introduced evidence in the District Court designed to show that petitioner had agreed with other Indiana wholesalers to set minimum prices for the sale of liquor in violation of the antitrust laws. It is now contended that the trial court erred in charging the jury that petitioner's part in such a conspiracy, even if proved, was no defense to the present cause of action. We hold that the instruction was correct. Seagram and Calvert acting individually perhaps might have refused to deal with petitioner or with any or all of the Indiana wholesalers. But the Sherman Act makes it an offense for respondents to agree among themselves to stop selling to particular customers. If petitioner and others were guilty of infractions of the antitrust laws, they could be held responsible in appropriate proceedings brought against them by the Government or by injured private persons. The alleged illegal conduct of petitioner, however, could not legalize the unlawful combination by respondents nor immunize them against liability to those they injured. Cf. *Fashion Originators' Guild* v. *Trade Comm'n,* 312 U. S. 457; *Mandeville Island Farms* v. *American Crystal Sugar Co.,* 334 U. S. 219, 242–243.

Respondents next suggest that their status as "mere instrumentalities of a single manufacturing-merchandizing unit" makes it impossible for them to have conspired in a manner forbidden by the Sherman Act. But this suggestion runs counter to our past decisions that common ownership and control does not liberate corporations from the impact of the antitrust laws. *E. g. United States* v. *Yellow Cab Co.,* 332 U. S. 218. The rule is especially applicable where, as here, respondents hold themselves out as competitors.

It is also claimed that the District Court improperly refused to withdraw from the jury an issue as to respondents' violation of the Clayton Act which had been charged in the complaint but which was not proved. A fair reading of the instructions to the jury, however, reveals that the trial court submitted to them only the cause of action under the Sherman Act. We are convinced from this record that a more formal withdrawal of the Clayton Act issue would have served solely to confuse.

Other contentions of error in the admission of evidence and in the charge to the jury are so devoid of merit that it is unnecessary to discuss them.

The judgment of the Court of Appeals is reversed and that of the District Court is affirmed.

*It is so ordered.*