## INTERBOROUGH NEWS CO. v. CURTIS PUB. CO. et al.

United States District Court
S. D. New York.
Dec. 15, 1952.

See also, D.C., 10 F.R.D. 330.

Webster, Sheffield & Chrystie, New York City, for plaintiff, Bethuel M. Webster and John V. Lindsay, New York City, of counsel.

McCauley & Henry, New York City, for defendants Hearst Magazines, Inc. and Robert E. Haig, Clarence J. Shearn, Jr., New York City, of counsel.

DeWitt, Van Aken & Nast, New York City, for defendant Fawcett Publications, Inc., Harry H. Van Aken and William R. Lonergan, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Field Enterprises, Inc., Pocket Books, Inc. and Robert F. DeGraff, Jay Topkis, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendants Curtis Pub. Co., Curtis Circulation Co., Walter D. Fuller, Benjamin Allen, Ray C. McLarty and Victor E. Lance, Albert R. Connelly and Edward C. Perkins, New York City, of counsel.

Lord, Day & Lord, New York City, for defendant Readers' Digest Ass'n. Inc., Thomas F. Daly and John W. Castles, New York City, of counsel.

Whitman, Ransom, Coulson & Goetz, New York City, for defendants S. M. News Co., Inc. and others.

Benjamin E. Winston, New York City, for defendants Publishers Distributing Corp., Irving S. Manheimer and George B. Davis.

Joseph Schultz, New York City, for defendants MacFadden Publications, Inc., O. J. Elder, Sol N. Himmelman and S. O. Shapiro, Henry E. Schultz and Joseph E. Ginn, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

In this action, commenced December 13, 1949, plaintiff seeks treble damages and injunctive relief under Sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15, 26, for injuries arising from defendants' violations of Section 1 of the Sherman Act, 15 U.S.C.A. § 1. The amended complaint alleges that Interborough distributed at wholesale in interstate commerce magazines, paper bound reprints, and other periodicals published or distributed by the defendant corporations and that, beginning in 1947, the defendants, in combination and by unlawful agreement withdrew their business from Interborough in and about New York City and thereafter boycotted Interborough.

A separate claim for damages and injunctive relief is said to have a statutory and a common law basis in the same acts which constitute a violation of the Sherman Act and is based in part on Section 340 of the New York General Business Law, McK.Consol.Laws, c. 20, and Section 23 of the New York Stock Corporation Law, McK.Consol. Laws, c. 59, by which combinations in restraint of trade are made unlawful.

To all claims defendants have pleaded affirmative defenses [1] averring that Interborough acquired and perpetuated an unlawful monopoly over the wholesale distribution of magazines in the New York area and sought to eliminate the competition of other wholesalers, and that Interborough is therefore barred from complaining against the defendants. Plaintiff has moved to strike these affirmative defenses under Rule 12(f) of the Federal

[1] These defenses are found in the eight answers of the following defendants:
(1) The Curtis Publishing Company, Curtis Circulation Company, Walter D. Fuller, Benjamin Allen, Ray C. McLarty and Victor E. Lance;
(2) Fawcett Publications, Inc.;
(3) Hearst Magazines, Inc. and Robert E. Haig;
(4) MacFadden Publications, Inc., O. J. Elder, Sol N. Himmelman and S. O. Shapiro;
(5) Pocket Books, Inc., Field Enterprises, Inc. and Robert F. DeGraff;
(6) Publishers Distributing Corporation, Irving S. Manheimer and George B. Davis;
(7) Reader's Digest Association, Inc.;
(8) S-M News Company, Inc., McCall Corporation, Popular Science Publishing Company, Inc. Meredith Publishing Company, Marvin Pierce and William A. Rogers.
Independent News Company and its related defendants have not asserted the affirmative defense of "unclean hands" but have filed counterclaims. Plaintiff moves to strike the defense from each of the eight answers.

Rules of Civil Procedure[2] on the ground that "unclean hands" does not constitute a defense to the action.

Regardless of the circumstances under which "unclean hands" might have constituted a defense to an action under the federal antitrust laws in the past, it seems clear that three recent decisions have, if not completely abolished this defense, narrowed it to cases of extremely limited applicability. The decisions referred to are Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 1951, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219, Moore v. Mead Service Co., 10 Cir., 1951, 190 F.2d 540, certiorari denied 1952, 342 U.S. 902, 72 S.Ct. 290, and Trebuhs Realty Co. v. News Syndicate Co., D.C. S.C.N.Y.1952, 107 F.Supp. 595. In the last cited case Judge Weinfeld granted a motion to strike affirmative defenses of "unclean hands" in an antitrust case after historically tracing the shrinkage of this defense and concluding that in this context:

"the defenses of 'unclean hands' and 'in pari delicto' were not considered solely within the framework of traditional equity concepts. In determining whether the defense should be permitted or denied, decisive weight was given to the necessity of vindicating the public interest in free competition—a necessity overriding the particular equities which might exist between the immediate parties." Trebuhs Realty v. News Syndicate Co. supra, 107 F.Supp. at page 598.

Defendants contend that while the "unclean hands" doctrine has been dealt a crippling blow the injury has not proved fatal and that the doctrine still has applicability where the consequence of a judgment for the plaintiff would be to confer upon him the profits (a fortiori treble the profits) of an illegal undertaking. Principal reliance is placed on the case of Maltz v. Sax, 7 Cir., 1943, 134 F.2d 2 certiorari denied 1943, 319 U.S. 772, 63 S.Ct.

1437, 87 L.Ed. 1720. There plaintiff, a manufacturer of "punchboards" sued defendant alleging an injury to his business from an illegal restraint of trade. In denying the plaintiff's right of recovery the court said:

"Our conclusion is that, for two reasons, plaintiff can not recover: First, it comes into court with unclean hands; second, it has no legal right, for the violation of which it may recover damages because of defendants' combination in violation of Section 15 of the Sherman Anti-Trust law." supra, 134 F.2d at page 5.

But the Court went on to say:

"It may be as well, or better, to state as the ground for denying judgment to plaintiff in this law action, that he was in participes criminis with those who bought his gambling devices. Rather than to say relief is denied because he comes into court with unclean hands, he asks damages for a business that makes him a criminal partner to gamblers and his part is to aid a gambling business." supra, 134 F.2d at page 5.

Doubt has been expressed by some commentators as to the validity of this decision in the light of Kiefer-Stewart Co. v. Joseph E. Seagram & Sons and Moore v. Mead Service Co.; 61 Yale L.J. 1010, 1030 note 131. But even if it be conceded, arguendo, that Maltz survives, it is inapposite to the present case. There the plaintiff's activities were illegal or against public policy regardless of antitrust practices. It is one thing to deny a public interest in free competition for "punchboards"; it is quite another thing to deny such an interest in the free distribution of periodicals. See Greenspun v. McCarran, D.C.Nev.1952, 105 F.Supp. 662, 664.

A closer parallel to the facts of the present case may be found in Moore v. Mead Service Co., 10 Cir., 1950, 190 F.2d 540,

---

2. Rule 12(f), 28 U.S.C.A. "Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

certiorari denied 342 U.S. 902, 72 S.Ct. 290. There plaintiff, a baker, had conspired to prevent the sale in his city of all but his own products. To counteract the effects of this conspiracy the defendants, competitors of plaintiff, reduced their prices only in that city, while maintaining higher prices elsewhere. Plaintiff instituted a treble damage acton charging the defendants with violating the Robinson-Patman Act, 15 U.S.C.A. §§ 13(a), 15. The Court of Appeals for the Tenth Circuit initially held that since the plaintiff was actually in pari delicto and his damages were the direct result of his participation in an unlawful combination to create a monopoly he could not recover. 184 F.2d, 338. Subsequently the Supreme Court vacated the judgment and remanded the case for further consideration in the light of the Kiefer case, Moore v. Mead Service Co., 1951, 340 U.S. 944, 71 S.Ct. 528, 95 L.Ed. 681. Upon such reconsideration the Court of Appeals held that the Kiefer case controlled and that plaintiff was not precluded from bringing his action.

I agree with the conclusion of Judge Weinfeld in the Trebuhs case that

"the Keifer and Moore cases show a clear trend toward the abolition of the defense of 'unclean hands' in antitrust violation suits". Trebuhs Realty Co. v. News Syndicate Co., supra, 107 F.Supp. at page 599.

and see no reason why those decisions and their rationale are not applicable here to the claims based on the Clayton and Sherman Acts.

■ The defendants contend however that, even if the affirmative defense is invalid with respect to the federal statutes, it is applicable to bar recovery and injunctive relief on the Third Separate Claim under Section 340 of the New York General Business Law and Section 23 of the New York Stock Corporation Law. I feel there is merit in this contention.

In Wolfenstein v. Fashion Originators Guild of America, 1st Dept. 1935, 244 App.Div. 656, 280 N.Y.S. 361, Mr. Justice Untermeyer speaking for the Appellate Division denied injunctive relief to a plaintiff who was being subjected to a boycott by the Guild because plaintiff, who conducted her business in a residence in violation of the zoning laws, lacked clean hands. In Ambruster v. Anglo-South American Trust Co., 1st Dept. 1940, 260 App.Div. 598, 23 N.Y.S.2d 458. Mr. Justice Untermeyer, speaking for the Appellate Division, again had occasion to consider the effect of "unclean hands" under Section 340. In this later case it was held that "unclean hands" was not a defense to an action for actual damages at law, although it was allowed as a partial defense on the sole issue of exemplary damages. In distinguishing the Wolfenstein case the court said that if the action were in equity different considerations might apply.

The effect of these New York decisions on the claim under Section 340 of the New York General Business Law and Section 23 of the New York Stock Corporation Law presents a substantial legal question. It is noted that under the claim predicated on local law plaintiff seeks both injunctive relief and damages of $4,860,000. (These damages include those arising from the alleged Clayton and Sherman Act violations; actual damages are said to be $1,620,000.) It cannot be said that the defense of unclean hands is so clearly insufficient under the New York law as to warrant striking it on the "court's own initiative".[3]

The affirmative defense will be striken as insufficient from each answer in which it is pleaded insofar as it relates to the First and Second Claims. It will stand insofar as it is directed to the Third Claim.

Settle order.

3. This motion being made after the expiration of the 20 day limitation contained in Rule 12(f) the Court is acting on its own initiative, as the Rule clearly permits it to do.