H. & A. SELMER, Inc., Plaintiff,

v.

MUSICAL INSTRUMENT EXCHANGE, Inc., Defendant.

United States District Court
S. D. New York.
Aug. 12, 1957.

Harper & Matthews, New York City, for plaintiff. Verne G. Cawley, Elkhart, Ind., Harold Harper, New York City, of counsel.

Friedland, Jobrack & Zurkow, New York City, for defendant. Louis G. Greenfield, New York City, of counsel.

LEVET, District Judge.

Defendant has moved pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. for an order striking from plaintiff's reply to defendant's counterclaim the "Second Defense" which charges plaintiff with unclean hands and in pari delicto with plaintiff.

Plaintiff, a manufacturer of band instruments at Elkhart, Indiana, is suing to recover an alleged balance on the purchase price of goods sold and delivered to the defendant, and upon promissory notes given for said goods. Defendant asserts in its answer a counterclaim charging that plaintiff has entered into contracts with dealers in its band instruments pursuant to which the dealers have agreed with plaintiff to do and to refrain from doing certain acts which defendant alleges constitute a restraint of trade. Plaintiff's reply sets up the aforementioned "Second Defense," which is as follows:

"*Forty-ninth:* If, as alleged in the counterclaim, plaintiff in concert with its franchised dealers entered into a contract or combination with said dealers which was in any respect in restraint of trade or unlawful, nevertheless defendant became a party to said contract, agreed to be bound thereby, ratified, confirmed and approved the said contract, was engaged from time to time in the performance thereof and benefitted thereby, and thus is *in pari delicto* with plaintiff and said other retail dealers in the making and performance of said contract and, with respect to the matter alleged in said counterclaim, comes before this court with unclean hands."

The defendant seeks to have the above defense stricken as insufficient. It claims that it is now well established that the doctrine of "unclean hands" is inapplicable and superfluous in anti-trust actions, citing Interborough News Co. v. Curtis Pub. Co., D.C.S.D.N.Y.1952, 108 F.Supp. 768, 770, wherein Judge Irving R. Kaufman stated:

"Regardless of the circumstances under which 'unclean hands' might have constituted a defense to an action under the federal antitrust laws in the past, it seems clear that three recent decisions have, if not completely abolished this defense, narrowed it to cases of extremely limited applicability. The decisions referred to are Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 1951, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219, Moore v. Mead Service Co., 10 Cir., 1951, 190 F.2d 540, certiorari denied 1952, 342 U.S. 902, 72 S.Ct. 290 [96 L.Ed. 675], and Trebuhs Realty Co. v. News Syndicate Co., D.C.S.C.N.Y.1952, 107 F.Supp. 595. In the last cited case Judge Weinfeld granted a motion to strike affirmative defenses of 'unclean hands' in an antitrust case after historically tracing the shrinkage of this defense and concluding that in this context:

" 'the defenses of "unclean hands" and "in pari delicto" were not considered solely within the framework of traditional equity concepts. In determining whether the defense should be permitted or denied, decisive weight was given to the necessity of vindicating the public interest in free competition—a necessity overriding the particular equities which might exist between the immediate parties.' Trebuhs Realty v. News Syndicate Co., supra, 107 F.Supp. at page 598."

However, in none of the above-cited cases were the plaintiff and the defendant parties to the same illegal conspiracy. Here the defendant asserts in its affirmative defenses in the answer (1) failure of consideration because of plaintiff's refusal to continue defendant's dealer franchise; (2) that the promissory notes were executed by the defendant pursuant to an agreement in restraint of trade; (3) that defendant purchased the goods and merchandise in question pursuant to the unlawful agreement; and (4) that the agreement between the parties was violative of the Sherman and Clayton Anti-Trust Acts, 15 U.S.C.A. §§ 1–7, 15 note, § 12 et seq. Although the defendant claims that it entered into the aforesaid agreement under duress, this is a question of fact that cannot be resolved at this time.

In Pennsylvania Water & Power Co. v. Consolidated Gas, Electric Light & Power Co. of Baltimore, 4 Cir., 1953, 209 F.2d 131, 133, certiorari denied 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104, it was held that where the parties had entered into an agreement which was violative of the anti-trust laws, the doctrine of *in pari delicto* was a good defense to plaintiff's action. In affirming the lower court, Judge Soper said:

"We are in accord with the Second Memorandum of the District Judge, filed with the Court on April 6, 1953, that Penn Water is precluded from recovery in this case because it was a party to the illegal agreement upon which it now bases its claim to recover under the anti-trust acts. Penn Water contends that the doctrine of *in pari delicto* is no longer a defense to a private action for damages growing out of an anti-trust violation but has been rejected by the recent decisions of the Supreme Court in Mandeville Island Farms, Inc., v. American Crystal Sugar Co., 334 U.S. 219, 68 S.Ct. 996, 92 L.Ed. 1328; Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc., 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219; and Moore v. Mead Service Co., 340 U.S. 944, 71 S.Ct. 528, 95 L.Ed. 681; Id., 10 Cir., 184 F.2d 338; Id., 10 Cir., 190 F.2d 540.

"We do not so understand these decisions, for in none of them were the plaintiff and the defendant parties to the same illegal conspiracy or agreement on which the suit was based. * * * "

In the instant case, the alleged illegal contract forms the basis for defendant's counterclaim and, therefore, the Pennsylvania Water & Power Co. case, supra, is apposite. See also 29 N.Y.U.L.Rev. 1463 (1954). Accordingly, defendant's motion is denied.

So ordered.