**JACOBY–BENDER, INC., Plaintiff,**

v.

**JACQUES KREISLER MANUFACTUR-ING CORP., Defendant.**

**No. 68 Civ. 1239.**

United States District Court
S. D. New York.
June 13, 1968.

James & Franklin, New York City, for plaintiff, Harold James, New York City, of counsel.

Shenier & O'Connor, New York City, for defendant, Henry L. Shenier, New York City, of counsel.

## MEMORANDUM

McLEAN, District Judge.

The complaint in this action contains two counts. The first charges infringement of plaintiff's design patent covering a "display box" in which plaintiff packages watch bracelets which plaintiff manufactures. The second count charges that defendant has unfairly competed with plaintiff by copying plaintiff's boxes and using the copy to contain watch bracelets which defendant manufactures,

thereby passing off defendant's product as plaintiff's.

As an affirmative defense to the second count, defendant has pleaded the affirmative defense of unclean hands. It alleges in substance that plaintiff may not recover because plaintiff, although it fabricates its watch bracelets from parts made in Hong Kong, has failed to mark its goods with the country of origin and has gone further and has falsely represented that its watch bracelets are "union made in U. S. A."

 Plaintiff, by timely motion made within twenty days of the service of defendant's answer, asks that this affirmative defense be stricken as insufficient in law. The truth of the affirmative defense is of course assumed on this motion.

■ The defense of unclean hands is available to a defendant only if there is a direct relationship between plaintiff's misdeeds and defendant's. Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219 (1951).

■■ The court must inquire whether plaintiff is attempting to charge defendant with liability for some act in which plaintiff itself participated or because of which plaintiff is at fault as well as defendant. If he is, it would be inequitable to grant him relief. If he is not, and if plaintiff's offenses are merely collateral, plaintiff may still recover for defendant's wrongs, for the fact that plaintiff himself may have sinned in some other connection does not make him an outlaw, deprived of all legal rights. Loughran v. Loughran, 292 U.S. 216, 54 S.Ct. 684, 78 L.Ed. 1219 (1934); See Alden-Rochelle, Inc. v. American Soc. of Composers, Authors and Publishers, 80 F.Supp. 888 (S.D.N.Y.1948); SCM Corporation v. Radio Corporation of America, 276 F.Supp. 373 (S.D.N.Y.1967).

■ Defendant's copying of plaintiff's box is the essence of the offense of which defendant is accused here. Plaintiff's alleged misconduct in misrepresenting the place of manufacture of the watch bracelets has nothing to do with the box. Plaintiff has not in any way participated in defendant's wrong. Plaintiff's misrepresentation is purely collateral. In the court's opinion it is not sufficiently related to defendant's offense to make it inequitable for the court to grant relief against defendant's palming off. The court holds, therefore, that the affirmative defense is insufficient.

The court does not believe that Best Foods v. General Mills, 3 F.R.D. 459 (D. Del.1944) is inconsistent with this conclusion. In any event, if it be considered inconsistent, the court does not feel at liberty to follow that decision.

Plaintiff's motion to strike defendant's affirmative defense is granted.

So ordered.