**Edward J. FUCILLO and John E. Fucillo, Plaintiffs,**

v.

**ALLIED BUSINESS BROKERS, INC., a Florida Corporation, Jimitz International Inc., a Florida Corporation, James J. Fetterhoff and Mitzi J. David, Defendants.**

**No. 79–15–Orl–Civ–R.**

United States District Court,
M. D. Florida,
Orlando Division.

Nov. 27, 1979.

David H. Simmons, of Dempsey & Slaughter, P. A., Orlando, Fla., for plaintiffs.

Michael S. Gellert, Fort Lauderdale, Fla., for defendants.

## MEMORANDUM OF DECISION

REED, District Judge.

The issue raised by the motion to dismiss the Amended Complaint is whether or not Counts 4, 6 and 7 state a claim on which relief can be granted. Counts 1, 2, 3, and 5 are pendent claims which have, according to the oral representation of the attorney for the plaintiff, been incorporated in a pending state court litigation. Those counts will, therefore, be dismissed without prejudice.

The Amended Complaint alleges that some of the defendants through various misrepresentations induced the plaintiffs to enter into a licensing agreement which is attached as an exhibit to the complaint. Under the terms of the agreement, the plaintiffs are licensed to use the name "Allied Business Brokers" in connection with a brokerage office to be established by them for the sale of business opportunities. The defendant Allied Business Brokers, Inc. is obligated under the agreement to operate a multiple listing service for use by the plaintiffs and its other licensees.

Under the agreement, the plaintiffs are obligated to follow business procedures established by the defendant Allied Business Brokers, Inc.; to "make every reasonable effort" to increase sales; to pay a $40,-000.00 license fee plus a monthly royalty of .005 percent on sales commissions; to contribute listings to the multiple listing service, and to split commissions on the sales of certain listings.

The plaintiffs contend that Count 4 alleges a violation of Section 10(b) of the Securities and Exchange Act of 1934. 15 U.S.C. § 78(j). The plaintiffs' argument is premised on the assumption that the agency agreement is an investment contract and, therefore, a "security" within the purview of the 1934 Act.

The definition of investment contract established by the United States Supreme Court in *S.E.C. v. W. J. Howey Co.*, 1946, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244—a scheme which involves an investment of money with profits to come only from the efforts of others—does not cover the franchise agreement alleged in Count 4 of the Amended Complaint. It is manifest from the allegations of the complaint that the success of plaintiffs' investment depends primarily upon their own efforts.

Some appellate court opinions purport to modify the *Howey* rule by classifying as investment contracts schemes in which the investor makes some minor effort

toward generating a profit, but is still dependent for success or failure on "those essential managerial efforts" of the entrepreneur who attracted the investment. See *Bell v. Health-Mor, Inc.,* CA5, 1977, 549 F.2d 342; *Securities and Exchange Commission v. Glenn W. Turner Enterprises, Inc.,* CA9, 1973, 474 F.2d 476, cert. denied 414 U.S. 821; *Securities and Exchange Commission v. Koskot Inter. Inc.,* CA5, 1974, 497 F.2d 473, and *Crowley v. Montgomery-Ward & Co., Inc.,* CA10, 1977, 570 F.2d 877. While the weight-of-the effort test utilized in those cases may have been appropriate to the sales schemes involved it can have no application to a franchise the success of which must necessarily rest on the effort and skill of the investor. To apply such a test to the agency agreement described in the present complaint would not only be contrary to the rule in the *Howey* case (which has been reaffirmed as recently as 1975 in *United Housing Foundation, Inc., et al. v. Forman et al.,* 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621), but would also effect a substantial extension in the scope of Section 10(b) of the '34 Act contrary to the caveat of the Supreme Court in *Santa Fe Industries, Inc., et al. v. Green et al.,* 1977, 430 U.S. 462, 477, 97 S.Ct. 1292, 1303, 51 L.Ed.2d 480, wherein the Court stated:

. . . . .

". . . Congress did not expressly provide a private cause of action for violations of § 10(b). Although we have recognized an implied cause of action under that section in some circumstances, . . . ., we have also recognized that a private cause of action under the anti-fraud provisions of the Securities Exchange Act should not be implied where it is 'unnecessary to ensure the fulfillment of Congress' purposes' in adopting the Act . . . ."

Clearly the state remedies available for the alleged fraud are adequate to redress any fraud in the inducement of the franchise.

For the foregoing reasons, Count 4 of the Amended Complaint will be dismissed without prejudice but without leave to amend, the plaintiffs' attorney having indicated at oral argument that the claim in Count 4 is fully alleged.

Counts 6 and 7 of the complaint are based on Section 1 of the Sherman Act. Count 6 alleges that the defendant Allied Business Brokers, Inc. imposed "exclusive listing territories upon all franchisees." What in effect the count charges is that the contract with Allied requires a selling franchisee to split his commission with another franchisee when the former sells a business located in the latter's territory.

■ Count 7 of the complaint alleges that the agreement between the plaintiffs and Allied set a maximum commission chargeable by the plaintiffs on sales brokered by the plaintiffs. The count goes on to conclude that such a limitation on the commission chargeable by the plaintiffs constitutes a per se violation of 15 U.S.C. § 1. While a maximum commission arrangement may under some circumstances constitute an illegal restraint on competition, *Kiefer-Stewart Co. v. Seagram & Sons et al.,* 1951, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219, Counts 6 and 7 fail to allege how the restraints complained of affect interstate commerce. In each count it is alleged that the defendants are engaged in interstate commerce, but such is an insufficient allegation. As the Fifth Circuit said in *McLain et al. v. Real Estate Bd. of New Orleans, Inc., et al.,* (1978), 583 F.2d 1315, 1318, 1319:

. . . . .

". . . Jurisdiction is conferred if the acts complained of occur in the flow of commerce, or if these acts, though local in nature, substantially affect interstate commerce."

. . . . .

". . . we must focus on the impact of the particular activities challenged in the appellants' complaint. The test is not

that 'the acts complained of affect a business engaged in interstate commerce, but that the conduct complained of affects the interstate commerce of such business.' "

Because the plaintiffs may be able to correct the defects in their antitrust claims, Counts 6 and 7 will be dismissed without leave to amend.