CHRYSLER CORPORATION, Plaintiff,

v.

**GENERAL MOTORS CORPORATION**
**and Toyota Motor Corporation,**
**Defendants.**

Civ. A. No. 84–0115.

United States District Court,
District of Columbia.

Oct. 30, 1984.

See also 589 F.Supp. 1182.

Joseph A. Califano, Gerald M. Rosberg, Hamilton Fox, Dewey, Ballantine, Bushby, Palmer & Wood, Washington, D.C., Leonard Joseph, Joseph Angland, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for plaintiff.

Patrick J. McCartan, Washington, D.C., Richard Pogue, Cleveland, Ohio, John Newman, Jones, Day, Reavis & Pogue, Washington, D.C., for General Motors.

**418**

Earl W. Kintner, Michael Jaffe, Robert B. Hirsch, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for Toyota Motor Corp.

Edward T. Hand, Dept. of Justice, Washington, D.C., amicus curiae.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

This matter is before the Court on a motion by plaintiff Chrysler Corporation ("Chrysler") to strike the affirmative defense of unclean hands raised in the answers filed by defendants General Motors Corporation ("GM") and Toyota Motor Corporation ("Toyota"). At the hearing held on this matter, the Court issued a bench ruling granting plaintiff's motion to strike. This opinion supplements the bench ruling.

Plaintiff filed suit under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Section 7 of the Clayton Act, 15 U.S.C. § 18, seeking to enjoin GM and Toyota from combining in a joint venture to produce and market subcompact automobiles for sale in the United States. Complaint, ¶¶ 1 and 2. In their answers, GM and Toyota, *inter alia*, raise the defense of unclean hands. GM Answer, Sixth Defense; Toyota Answer, Sixth Defense. Toyota in its answer also charges Chrysler with bringing suit for improper and anticompetitive motives. Toyota Answer, Sixth Defense.

The primary issue raised by plaintiff's motion to strike is whether the defense of unclean hands remains viable under Section 16 of the Clayton Act, 15 U.S.C. § 26. Section 16 provides:

> Any person [or] corporation ... shall be entitled to sue for and have injunctive relief ... against threatened loss or damage by a violation of the antitrust laws ... when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings ....

15 U.S.C. § 26. Defendants contend that because unclean hands remains a defense in traditional equity suits, the Court should allow defendants to raise it as an affirmative defense in this antitrust action. Citing *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219 (1951), and *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 88 S.Ct. 1981, 20 L.Ed.2d 982 (1968), plaintiff argues that the Supreme Court has dispensed with the unclean hands defense in antitrust actions.

In *Kiefer-Stewart*, the plaintiff sought treble damages under the Sherman Act, 15 U.S.C. §§ 1, 15, charging defendant with price-fixing in the sale of liquor. At trial, defendant introduced evidence to demonstrate that plaintiff had violated antitrust laws by agreeing with other wholesalers to set minimum prices for the sale of liquor. The Supreme Court ruled that the district court did not err in instructing the jury that plaintiff's role in a price-fixing conspiracy was no defense to plaintiff's cause of action. 340 U.S. at 214, 71 S.Ct. at 261. The Court reasoned that plaintiff's actions "could not legalize the unlawful combination by [defendants] nor immunize them against liability to those they injured." *Id.* (citations omitted).

The Court in *Perma Life* considered the related issue of whether a private party filing suit for treble damages under the Sherman and Clayton Acts may be barred from recovery because of participation in the conspiracy. The Court ruled that the doctrine of *in pari delicto* is not a defense to antitrust actions. *Perma Life Mufflers, Inc.*, 392 U.S. at 140, 88 S.Ct. at 1985. Citing *Kiefer-Stewart*, the Court reasoned that because private suits serve important public purposes it is inappropriate to allow common law defenses such as *in pari delicto* to bar recovery. *Id.* at 138, 88 S.Ct. at 1984. As the Court explained:

> [T]he purposes of the antitrust laws are best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of the antitrust laws.

The plaintiff who reaps the reward of treble damages may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition. A more fastidious regard for the relative moral worth of the parties could only result in seriously undermining the usefulness of the private action as a bulwark of antitrust enforcement. And permitting the plaintiff to recover a windfall gain does not encourage continued violations by those in his position since they remain fully subject to civil and criminal penalties for their own illegal conduct.

*Id.* at 139, 88 S.Ct. at 1984.

██ The reasons cited in *Kiefer-Stewart* and *Perma Life* for denying the defenses of unclean hands and *in pari delicto* are controlling in this case. Private parties filing suit under the antitrust laws function as "private attorneys general" representing the public interest. *See Javelin Corp. v. Uniroyal, Inc.*, 546 F.2d 276, 280 (9th Cir.1976). Congress established the private right of action for the very purpose of insuring effective enforcement of the antitrust laws. *Trebuhs Realty Co. v. News Syndicate Co.*, 107 F.Supp. 595, 599 (S.D.N.Y.1952). The public interest in preventing anticompetitive injury would be dampened tremendously if defendants were allowed to raise the defense of unclean hands in antitrust actions brought by private parties. *Id.*

Defendants point out that *Kiefer-Stewart* and *Perma Life*, decided under Section 4 of the Clayton Act, were treble damage suits and not equity actions where injunctive relief is sought. Furthermore, citing *Graham v. Triangle Publications, Inc.*, 233 F.Supp. 825, 832 n. 24 (E.D.Pa.1964), *aff'd per curiam on other grounds*, 344 F.2d 775 (3d Cir.1965), defendants contend that traditional principles of equity, which permit the unclean hands defense, should be held to apply in this case because Chrysler is seeking injunctive relief and not treble damages. Defendants' arguments have been duly considered. However, the Court is not convinced that *Kiefer-Stewart* and *Perma Life* should be read as narrowly as defendants suggest. Nor is the Court convinced that traditional equity principles should apply in a case such as this.

██ As noted, courts considering actions under the antitrust laws must be concerned with protection of the public interest as well as redressing private injury. The claim that the plaintiff has himself violated the law cannot be allowed to overshadow plaintiff's cause of action and the potential vindication of the public interest. This is especially true in equity actions because "Courts of equity may ... go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved." *Virginian R. Co. v. System Federation*, 300 U.S. 515, 552, 57 S.Ct. 592, 601, 81 L.Ed. 789 (1937); *see Trebuhs Realty Co. v. News Syndicate Co., supra*, 107 F.Supp. at 599. As in the case with actions at law, actions in equity must yield to the overall public policy of enforcing antitrust laws. *Trebuhs Realty Co. v. News Syndicate Co.*, 107 F.Supp. at 599. Permitting the unclean hands defense in this case would have a seriously damaging effect on Chrysler's ability to seek meaningful equitable relief under the antitrust laws. Of course, defendants may enforce their claims against Chrysler in a separate action.

Defendants have chiefly relied on *Graham v. Triangle Publications, Inc.* The preceding discussion has demonstrated why this reliance is not compelling. Additionally, the Court notes that *Triangle Publications* and other cases cited by defendants predate the Supreme Court's decision in *Perma Life*. Since that ruling, lower courts have almost uniformly declined to permit the unclean hands defense in antitrust suits where injunctive relief is sought. *See American Motor Inns, Inc. v. Holiday Inns, Inc.*, 365 F.Supp. 1073, 1098 (D.N.J.1973), *modified on other grounds*, 521 F.2d 1230 (3d Cir.1975); *Natcontainer Corp. v. Continental Can Co.*, 362 F.Supp. 1094, 1099 (S.D.N.Y.1973); *Skil Corp. v. Black & Decker Manufacturing Co.*, 351

F.Supp. 65, 66 (N.D.Ill.1972); *Credit Bureau Reports, Inc. v. Retail Credit Co.,* 358 F.Supp. 780, 796–97 (S.D.Tex.1971), *aff'd,* 476 F.2d 989 (5th Cir., 1973). *But see Heldman v. United States Lawn Tennis Ass'n,* 354 F.Supp. 1241, 1249 (S.D.N.Y. 1973) (even though unclean hands "may provide no defense to an antitrust violation when the merits are being decided," this doctrine may be invoked in a request for a preliminary injunction).

The Court declines to delay in striking the defense of unclean hands, for as Judge Tyler observed in *United States v. Schenley Industries, Inc.,* [1966] Trade Cas. (CCH) ¶ 71, 897 at 83,149, permitting discovery and the development of the case under the unclean hands defense "would serve only to divert and protract [the] litigation, with concomitant expense."

Accordingly, for the reasons stated in this Opinion, and upon consideration of the pleadings and supporting memoranda submitted by the parties, and in accordance with the Court's bench ruling, it is by the Court this 29th day of October, 1984, hereby:

ORDERED that the motion to strike the affirmative defense of unclean hands is hereby granted; and it is

FURTHER ORDERED that GM's Sixth Defense is hereby stricken; and it is

FURTHER ORDERED that Toyota's Sixth Defense is hereby stricken.