806 F.2d 257
 1986-2 Trade Cases 67,394
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BROKER'S TITLE, INC., Appellant,
v.
Ralph E. MAIN, Jr., Robert H. Blodinger, Orbin F. Carter, Appellees.
 No. 85-2288.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1986.
Decided Nov. 24, 1986.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James C. Turk, Chief District Judge. (C/A 79-0051-C)
 Matt S. Nydell (Craig T. Redinger; Slaughter & Redinger, P.C. on brief), for appellant.
 George R. St. John (St. John, Bowling, Payne & Lawrence on brief), for appellees.
 W.D.Va.
 AFFIRMED.
 Before WINTER, Chief Judge, and HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue in this case is whether plaintiff can recover under the antitrust laws for damage to its illegal business activities. The district court held that plaintiff lacked standing to sue and we agree.
 
 
 2
 Plaintiff, Broker's Title, Inc., filed this antiturst suit against Main and two other local attorneys (hereinafter "defendants"), alleging a conspiratorial refusal to deal. The district court stayed the litigation pending disposition of a Virginia state court declaratory judgment action. The state court subsequently declared that plaintiff was engaged in the unauthorized practice of law, and that defendants were required to refrain from transactions with plaintiff involving that illegal behavior.
 
 
 3
 The district court granted partial summary judgment for defendants, holding that plaintiff had no standing to recover for damage to its illegal operations, but that it was free to pursue damages incurred by its legitimate real estate activities. Section 4 of the Clayton Act confers standing for private suits upon any person "injured in his business or property...." 15 U.S.C. Sec. 15. The district court explained that, since plaintiff had no legal right to engage in the unauthorized practice of law, it had suffered no "injury" to that part of its business sufficient to invoke section 4. The court found plaintiff's reliance on the line of cases beginning with Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 340 U.S. 211 (1951), (rejecting "unclean hands" as defense in antitrust suits) and Perma Life Mufflers, Inc. v. International Parts Corp., 392 U.S. 134 (1968), (circumscribing use of in pari delicto defense in antitrust suits) to be misplaced; in neither of those cases were the damages claimed based on harm to plaintiff's illegal activities. We find no error in this determination and affirm for reasons adequately expressed by the district court.
 
 
 4
 Plaintiff's assertion that this case was not ripe for summary judgment is incorrect. Following its partial summary judgment ruling on the standing issue, the district court offered plaintiff the opportunity to prove damages to its legal business activities. Plaintiff elected to offer no proof and summary judgment was entered against it on the balance of its claim. It will not now be heard to lament the consequences of its decision to forego this opportunity.
 
 
 5
 AFFIRMED.