**AMERICAN VISION CENTERS, INC., Plaintiff,**

v.

**Robert COHEN, Edward Cohen, Alan Cohen, Allan Bernstein, Stanley B. Bernstein, and Robert Gertler, Defendants.**

No. 88 C 2624.

United States District Court, E.D. New York.

April 26, 1989.

Fennell & Minkoff (Darrell K. Fennell and Nancy M. Harnett, of counsel), New York City, for plaintiff.

Hoffman & Pollok (Mark A. Summers, of counsel), New York City, for defendants Robert Cohen, Edward Cohen, Alan Cohen, Allan Bernstein and Robert Gertler.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff American Vision Centers, Inc. (American Vision) brought this action against defendants, six of its former officers or directors. Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the two antitrust claims alleged in the complaint for failure to state a claim upon which relief can be granted, and pursuant to Rule 12(b)(1) to dismiss the remaining pendent state law claims for lack of subject matter jurisdiction.

The complaint alleges, in substance, the following. American Vision, a New York corporation, operates retail stores, or sells franchises to operate such stores, for the sale of eyeglasses and other optical products to the public. Since 1977 it has conducted business in New York and seven other states, but not in Connecticut, Florida, or New Jersey. From October 1977 to October 1987 the three Cohen defendants were the majority shareholders of American Vision, each owning 18% of the common stock. They used their 54% ownership of the stock to name themselves directors and officers, and to choose the other three defendants as directors for various periods. Members of the public owned the balance of the stock.

The Cohens resigned as officers in December 1984 but remained in control as majority stockholders and directors and named successor officers. In October 1987 the Cohens sold their stock to Kay AVC Corp.

While they served as officers and directors of American Vision, the Cohens owned 100% of the stock and were officers and directors of Cohen Fashion Optical, Inc. (Cohen Fashion). It too owned and franchised retail optical stores in several states, operating or franchising over 60 such stores in early 1986 in Connecticut, Florida, New Jersey, and New York. Cohen Fashion competed directly with American Vision. Indeed, the Cohens so recognized in a 1979 prospectus of American Vision and in a 1986 Form 10–K filed by American Vision and signed by them.

The Cohens ran the two companies to favor Cohen Fashion, to divert to it corporate opportunities belonging to American Vision, and to prevent American Vision from opening stores or granting franchises in Florida, Connecticut, New Jersey, and New York and from otherwise competing with Cohen Fashion.

The complaint's first claim asserts a violation of Section 8 of the Clayton Act, 15 U.S.C. § 19 (1982). That section provides in pertinent part that "[n]o person at the same time shall be a director in any two or more corporations" any of which has capital, surplus, and undivided profits of more than $1,000,000, if they are or have been "competitors" so that "the elimination of competition by agreement between them" would violate the antitrust laws.

The second claim alleges a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (1982), providing, so far as pertinent, that "[e]very contract, combination in the form of trust or otherwise, or conspiracy" in restraint of interstate commerce is illegal, and that "every person" making such an illegal contract or engaging in such an illegal contract or combination shall be deemed guilty of a felony.

Claims three through five are pendent state law claims.

The complaint recites what on their face appear to be the prerequisites for claims under the Clayton and Sherman Acts. It says that American Vision and Cohen Fashion were and are "competitors," that each had capital, surplus, and undivided profits of more than $1,000,000, that as directors in both companies the Cohens eliminated competition between the two pursuant to a conspiracy in restraint of trade between the Cohens, the other defendants, Cohen Fashion, and others, to prevent American Vision from competing with Cohen Fashion by dividing geographical markets and by other means inhibiting competition by American Vision, all so as substantially to restrain interstate commerce.

■ Defendants' chief argument is that the complaint's allegations do not establish

claims either under the Clayton Act or under the Sherman Act. Citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), the defendants contend that there is no allegation of a "plurality of actors" who engaged in the alleged antitrust violations because American Vision and Cohen Fashion constituted "a single business entity" that could not conspire with itself. Thus, despite their admissions in writing that the companies were in "competition," the defendants now say that there were no two "competitors" within the meaning of Section 8 of the Clayton Act and no two "persons" who could enter into a conspiracy to violate the Sherman Act.

Prior to the *Copperweld* case the Supreme Court had recognized, at least in *dicta,* that there could be liability under the Sherman Act for restraints resulting from a conspiracy among a parent and its wholly-owned subsidiaries. *See, e.g., United States v. Yellow Cab Co.,* 332 U.S. 218, 227, 67 S.Ct. 1560, 1565, 91 L.Ed. 2010 (1947); *Kiefer–Stewart Co. v. Joseph E. Seagram,* 340 U.S. 211, 215, 71 S.Ct. 259, 261, 95 L.Ed. 219 (1951) and cases cited. The *Copperweld* decision disapproved of those decisions and held that a parent corporation and its wholly-owned subsidiary were incapable of conspiring with each other for purposes of § 1 of the Sherman Act. 467 U.S. at 777, 104 S.Ct. at 2744.

While the *Copperweld* opinion declined to consider the circumstances under which a parent and an affiliate not completely owned could be liable, *id.* at 767, 104 S.Ct. at 2739, the court's reasoning makes it clear that the Cohens may not escape liability merely because they owned 54% of the American Vision stock and acted as its directors and officers.

As the court explained, one reason Congress dealt with concerted activity subject to § 1 of the Sherman Act more sternly than unilateral activity under § 2, prohibiting monopolies or attempts to monopolize, was that a conspiracy between two entities with different economic interests "reduces the diverse directions in which economic power is aimed" and increases "the economic power moving in one particular direction." *Id.* at 769, 104 S.Ct. at 2740. Since "the ultimate interests of the subsidiary and the parent are identical" the business complex is by hypothesis always aiming its economic power in one direction. The subsidiary and parent thus should "be viewed as a single economic unit." *Id.* at 772, n. 18, 104 S.Ct. 2742, n. 18.

The situation in this case, however, is quite different. The Cohens owned 54% of the common stock of American Vision. That gave them control. But the ultimate economic interests of a corporation are held by its stockholders, and the other 46% of the stock represented an economic interest different from that of the Cohens. Those stockholders had no interest in Cohen Fashion or concern for its success. Thus, this court holds that for purposes of the antitrust laws the Cohens were not at liberty to treat the two companies as one and thereby to prevent a large portion of the economic power represented by the assets of American Vision from competing with Cohen Fashion.

While there appear to be no decisions by the Court of Appeals for the Second Circuit addressing this precise issue, this court's holding is in accord with *Fishman v. Estate of Wirtz,* 807 F.2d 520, 541–42 n. 19 (7th Cir.1987). There is no need to address the question whether there might be situations in which the minority stock interest in a subsidiary is so small as to be insignificant for antitrust purposes.

■ Defendants also contend that plaintiff has no standing under Section 4 of the Clayton Act, 15 U.S.C. § 15 (1982), to bring suit and recover treble damages. That section states, in relevant part, that "any person who shall be injured in his business property by reason of anything forbidden in the antitrust laws" may sue.

In order to recover damages American Vision must prove "antitrust" injury, that is, "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Volvo North American Corporation v. Men's International Professional Tennis Council,* 857 F.2d 55, 66 (2d

Cir.1988) (quoting *Cargill, Inc. v. Montfort of Colorado, Inc.,* 479 U.S. 104, 107 S.Ct. 484, 489, 93 L.Ed.2d 427 (1986) (quoting *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977))).

Defendants' contention that the complaint does not assert antitrust injury assumes that plaintiff must show that the "current management" of American Vision sustained injury. That management is not a plaintiff and, of course, had no interest in American Vision when the Cohens controlled it. However, the complaint seeks damages not on behalf of that management but on behalf of American Vision itself. If the allegations of the complaint are true, American Vision suffered injury and so did the public by reason of the reduced competition. The injury was thus one that the antitrust laws were designed to prevent.

 Defendants also suggest that American Vision had no antitrust injury because "it was a participant in the very scheme it now challenges" and was in effect a member of a cartel from which it made profits. Even if American Vision can be deemed to have been a member of such a cartel, it satisfies the antitrust requirement to the extent that it would have been better off had it been free to compete. *Volvo North America Corp., supra,* at 67–68. That is what the complaint asserts.

Moreover, the complaint alleges agreements between defendants, Cohen Fashion, and others that did business with it effectively to restrain American Vision from competing with Fashion Cohen in various markets. The pleading has sufficiently alleged antitrust injury.

Defendants further argue that they are legally incapable of conspiring to violate the antitrust laws because, as the Supreme Court said in the *Copperweld* case, "officers of a single firm are not separate economic actors pursuing separate economic interests, so agreements among them do not suddenly bring together economic power that was previously pursuing divergent goals." *Copperweld Corp., supra,* 467 U.S. at 769, 104 S.Ct. at 2740.

This contention is based on the premise, rejected above, that American Vision and Fashion Cohen were a "single entity." In fact, the Cohens' personal interest was adverse to that of American Vision. Moreover, the complaint does not restrict the conspirators to the named defendants or to the companies of which they were officers or directors. The complaint alleges that defendants' conspiracy was with still others.

The court denies the motion to dismiss the complaint and directs that discovery proceed under the guidance of the Magistrate.

So ordered.